No. 14,494.

BRAY, EXECUTOR ET AL. *v.* GERMAIN INVESTMENT COMPANY.
(98 P. [2d] 993)

Decided January 29, 1940.

Mr. CLARENCE L. BARTHOLIC, for plaintiffs in error.

Mr. FRANK L. HAYS, Mr. JOSEPH H. ROSS, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE Germain Investment Company, a Colorado corporation, defendant in error, instituted an action in the district court of the City and County of Denver to quiet the title to certain lots in the City and County of Denver and filed a notice of lis pendens. The suit was brought against certain named defendants and unknown defendants. In 1920 the property had been conveyed by trust deed to a private trustee to secure payment of an indebtedness of the then owner of $11,000, represented by eleven $1,000 notes. This deed of trust was unreleased and apparently the indebtedness secured by it was unpaid. The payee of the notes and certain persons alleged to be his heirs, the private trustee, and the public trustee, as successor in trust, were named as defendants and served. The noteholder beneficiaries of the deed of trust were not named personally as defendants and at the time the suit was instituted were unknown to the plaintiff and its attorneys. They were described in the complaint as unknown persons interested in the subject matter of the action "as owners of one or more of the notes secured by trust deed on said premises." Plaintiffs complied with the requisite conditions to secure an order for publication of summons as to the unknown defendants, which included the noteholder beneficiaries under the trust deed, and an order for publication was entered and publication made in the manner provided by law. After service by such publication was complete the default of all the defendants was entered. It appears from the testimony that plaintiff was in possession and claimed title by virtue of a treasurer's deed issued to it prior to the commencement of the suit and duly recorded before the complaint was filed. The court entered a decree quieting title in the plaintiff on June 8, 1937, and cancelled and ordered the deed of trust released.

Plaintiff in error John R. Walker on or about the first day of August, 1937, nearly two months after the decree was entered, purchased two of the $1,000 notes secured by the aforesaid trust deed. At the time of the institution of the suit, the filing of the lis pendens, and the entry of a decree and the recording thereof, John R. Walker had no interest whatsoever in the property or in any of the notes secured by said trust deed. On September 2, 1937, Walker filed a petition to vacate the judgment and decree. This petition, on motion of the Germain Investment Company, was stricken and Walker was granted permission to file an amended petition, which he did November 3, 1937. In this petition he set forth the execution of the afore-mentioned notes and trust deeds and the names of the present holders of the notes secured thereby. He alleged that he himself was the holder of two of these notes which he acquired on or about August 1, 1937, and that none of the noteholders was ever served with summons or complaint and had no notice of the suit either directly or indirectly. He further alleged that the holders of the notes secured by the deed of trust were known to plaintiff prior to the first publication of summons and prior to the entry of said decree and, notwithstanding such knowledge, it failed to serve said noteholders with summons or complaint; that by reason of lack of valid service the court had no jurisdiction to enter a decree. He further alleged that he had a good, valid, and sufficient defense to the action, but neither in his petition nor in the affidavits in support thereof did he state what was the nature of his so-called "good, valid, and sufficient defense." In support of his petition he filed affidavits of the former owners of the two notes which he had purchased, and of their attorney, to the effect that they had no knowledge or notice of the commencement or pendency of said suit and that they had never been served with summons or complaint.

Ross Bray, as executor of the estate of Minnie Gel-

hausen, deceased, filed a separate but similar petition, supported by similar affidavits, reciting that petitioner had a good, valid, and sufficient defense and was entitled to plead the same, but not disclosing what the defense was. It was further alleged that the decree entered herein is void on its face, but it was not alleged what was contained therein or omitted therefrom which would render it void. It appears from the affidavit of the attorney for plaintiff, the Germain Investment Company, that two days after the order for publication of summons against unknown defendants was procured he learned through a telephone conversation with Norma L. Comstock of the law firm of Shireman and Comstock in Denver, Colorado, that their firm represented two or three of the holders of notes secured by the afore-mentioned deed of trust and was advised at the same time as to the names and addresses of the other noteholders or of their attorneys. We think there is no doubt that this information was such that had it been acted upon plaintiff would have been able to secure the names of all of said noteholders and, in any event, those of petitioners, defendants in the action, and to secure service upon them either personally within the state of Colorado or by substituted service outside of the state. Notwithstanding the possession of such information more than three months before the decree was signed the attorney for plaintiff took no action to serve the noteholders otherwise than by publication of summons in which they were described as unknown defendants.

We are of the opinion that under the situation shown it was error on the part of the trial court to refuse to vacate the judgment and permit petitioners to answer. The law permitting the rights of unknown parties to be cut off upon service by publication in actions in rem is limited strictly to cases of necessity. 50 C. J., p. 496, §105D. If reasonable diligence to discover the identity of a party interested in the res involved in an action is not exercised and service is made on him

by publication of summons — in which he is not named — issued on a complaint describing him as an unknown party, such service should not be permitted to be the basis of a judgment cutting off rights in the res involved. The diligence required is such as the court deems and finds reasonable, such finding to be predicated on a showing of steps taken to ascertain the identity of parties alleged to be unknown and to serve them personally. §§45, 50 (b) Code of Civil Procedure; Rule 14a Supreme Court. Granting that reasonable diligence was exercised in this case prior to the time the order to publish was entered; that the court so found, and that such diligence did not disclose the identity of the noteholders, nevertheless when, without being under legal obligation to use more diligence, knowledge of the identity and of the addresses of the defendants described as unknown came to the plaintiff before the service of summons was begun by even a first publication, the spirit of the law required that reasonable effort then be made, in the light of that knowledge, to bring actual notice to such persons of the pendency of an action affecting their rights in or to the res involved in the litigation. Under such circumstances there is no longer a necessity to deal with them as unknown parties. If after such knowledge, under circumstances such as are disclosed in this case, a reasonable effort is not made to give actual notice, the service on "unknown parties" by publication is not valid and judgment based on such service is void.

We need not consider whether power to set aside a judgment rendered without service is inherent in the court, for statutory authority so to do is given by section 50 of the Code, which permits unknown parties not personally served to move to set aside the judgment within one year after its entry. The motions in the present case were made within that time. If under section 50 it is ever necessary to tender or otherwise disclose a prima facie good defense, such showing is not re-

quired where application to vacate the judgment is based on lack of service and therefore want of jurisdiction to enter the decree. *DuBois v. Clark,* 12 Colo. App. 220, 55 Pac. 750. Paragraph 81 of our Code is applicable only in cases where valid service has been had and one served is seeking to be relieved of his failure or neglect to plead to the complaint. In such case a defense prima facie sufficient to require a different judgment must be clearly disclosed by tendered pleading or otherwise. *Barra v. People,* 18 Colo. App. 16, 69 Pac. 1074; *Hollingsworth v. Ring,* 26 Colo. App. 121, 141 Pac. 139; *Gumaer v. Bell,* 51 Colo. 473, 119 Pac. 681; *Donald v. Bradt,* 15 Colo. App. 414, 62 Pac. 580.

The judgment sought to be vacated, being void for lack of service, was a nullity and subject to collateral attack. The judgment purporting to cancel the trust deed securing payment of the notes being void for lack of service on Walker's transferors, was also void as to him, notwithstanding the transfer of the notes to him was subsequent to entry of such judgment. As a holder of notes secured by a trust deed he has an interest in the land, the title to which is sought to be quieted, and having such interest, he, as well as his co-petitioners, should be permitted to defend.

The judgment is reversed and cause remanded for further proceedings consistent with the views herein expressed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.