## No. 22308.

JAMES KLUGE AND DAVID KLUGE, MINORS, BY AND THROUGH
THEIR FATHER AND NEXT FRIEND, JAMES E. KLUGE, AND
JAMES E. KLUGE *v.* GLENN R. WILSON.
(448 P.2d 786)

Decided December 23, 1968.

Myrick, Criswell and Branney, William F. Klas, for plaintiffs in error.

Weller, Friedrich and Hickisch, William H. Hazlitt, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

The action in the district court arose out of personal injuries sustained by two minor plaintiffs, James and David Kluge, when an earthen embankment on which they were playing collapsed. The embankment was located on the property of the defendant in error, Glenn R. Wilson, who was the defendant below.

After the original and the first amended complaint had been dismissed by the court with leave in both instances to file a new complaint, the court entered a final judgment in favor of the defendant by dismissing the second amended complaint of the plaintiffs. The court ruled that plaintiffs had failed to state a claim upon which relief could be granted. In doing so, the trial court erred.

In their complaint plaintiffs predicated their cause of action on three joint and several claims. They alleged that the minor plaintiffs were either express or implied invitees, and that the defendant had breached a duty

owing to them, to wit, in failing to warn them of latent dangers on the property. They alleged that defendant had knowingly permitted his land to become a playground for children and had breached his duty toward them in failing to take the necessary precautions for their safety. They set forth the claim that the earthen embankment on which the children were playing was an attractive nuisance by reason of certain excavations into the bank which the defendant had made or permitted to be made in order to unearth petrified wood. It was alleged that by reason of the excavations defendant had artificially altered the condition of the land so that the embankment caved in, crushing the bodies of the children and causing them to suffer extensive injuries.

The trial court apparently based its ruling on the contentions of the defendant that plaintiffs' "theories" were deficient in one element or another. It was argued in the trial court, as here, that the minor plaintiffs were on defendant's land for purposes of their own and were not invitees. In our view this is a matter of evidence. It cannot be resolved by the statement of counsel. It is argued that plaintiffs' complaint has attempted to set forth the "playground doctrine" which, it is alleged, was once the rule in Pennsylvania but has since been abandoned in favor of Section 339 of the *Restatement of Torts. Dugan v. Pennsylvania Railroad Company*, 387 Pa. 25, 127 A.2d 343. We can find nowhere in the complaint where the plaintiffs have stated that they are relying on the "playground doctrine," and whether there is sufficient evidence to come under the particular section of the *Restatement of Torts* or whether we will follow that section we do not pass upon at this time.

As was said in *Brown v. Telephone Co.*, 121 Colo. 502, 218 P.2d 1063:

"The basic theory of plaintiff's pleading, under our present rules of civil procedure, as in the federal rules,

is that the transaction or occurrence is the subject matter of a claim, rather than the legal rights arising therefrom. Address No. 4, by Thomas Keely, Esquire, appendix D, Colorado Rules of Civil Procedure, volume 1, '35 C.S.A., page 449; *Clark v. Taylor*, 163 F. (2d) 940. Since the several items of damage alleged in the complaint in the instant case all resulted from, and grew out of, a single transaction or occurrence, there is in fact only one claim set out in the complaint. The legal rights resulting therefrom are finally determinable by the court in formulating instructions, if trial is to a jury, or conclusions of law, if trial is to the court, and not by splitting the single claim into causes of action, and subjecting the several causes to demurrer or motion to dismiss, as was customary under the former rules of code pleading.

"Regardless of the splitting of the single claim, in the instant case, into several causes of action, predicated on the several legal rights arising therefrom, these causes together still constitute a single claim, and under our liberal rules of pleading should be considered together as such. * * *"

The primary purpose of a complaint is to give notice of the claims being relied upon. *Bridges v. Ingram*, 122 Colo. 501, 223 P.2d 1051. It is sufficient if the pleader clearly identifies the transaction which forms the basis of his claim. *McKinney v. Christmas*, 143 Colo. 361, 353 P.2d 373; *Weick v. Rickenbaugh Co.*, 134 Colo. 283, 303 P.2d 685; *Brown v. Telephone Co., supra.*

R.C.P. Colo. 8(e)(1) provides in relative part:
"(1) * * * Pleadings otherwise meeting the requirements of these rules shall not be considered objectionable for failure to state ultimate facts, as distinguished from conclusions of law."

The judgment is reversed and the cause remanded with directions to the court to reinstate the second amended complaint and to proceed to issue and trial.

MR. JUSTICE PRINGLE and MR. JUSTICE GROVES concur.