407 F.2d 671
 John Jeff LaGORGA, a minor, by Joseph LaGorga, his guardian and Joseph LaGorga and Bernadette LaGorga
v.
The KROGER COMPANY, a corp., Defendant and third-party plaintiff,
v.
Sidney H. EVANS, Individually and trading and doing business as Evans Manufacturing Co., and Evans Manufacturing Company, Incorporated, third-party defendant.
The Kroger Company, third-party plaintiff, Appellant.
 No. 17082.
 United States Court of Appeals Third Circuit.
 Argued December 19, 1968.
 Decided March 3, 1969.
 
 Bruce R. Martin, Pittsburgh, Pa., for appellant.
 Wallace E. Edgecombe, Royston, Robb, Leonard, Edgecombe, Miller & Shorrall, Pittsburgh, Pa., for appellee.
 Before SEITZ, ALDISERT and STAHL, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal challenging the special verdict in a third party action and the judgment entered thereon.
 
 
 2
 In January, 1965, John Jeff LaGorga, a minor, by Joseph LaGorga, his guardian, and Joseph LaGorga and Bernadette LaGorga brought suit against the Kroger Co. to recover damages arising from injuries allegedly suffered when a jacket purchased from the Kroger Co. and worn by the minor plaintiff caught fire and burned. Kroger Company filed a third party complaint against Sidney H. Evans, individually and doing business as Evans Manufacturing Company (Evans) and against Evans Manufacturing Company, Inc. (Evans, Inc.), hereafter referred to collectively as "appellees." In the original third party complaint, Kroger charged, inter alia, "Certain jackets identical to the one alleged by the plaintiffs to have been purchased from The Kroger Co. were purchased from and manufactured by appellees." The third party defendants answered, and denied the charge "as stated" and more specifically averred as a first defense, that (1) Evans, Inc. had not manufactured the jacket in question; (2) Evans had sold certain jackets to the Kroger Co. and (3) Evans "has no knowledge as to whether or not the jacket allegedly worn by the minor plaintiff had been supplied to [The Kroger Co.] by [Evans]."
 
 
 3
 The Kroger Co. (appellant), in an effort to tie the third party defendants to the jacket in question, amended its complaint in October, 1965, to allege, inter alia:
 
 
 4
 "If it is established at the trial that the jacket involved was sold by The Kroger Co. * * * then said jacket was manufactured by and was purchased from Evans Manufacturing Co., also known as Evans Manufacturing Company, Incorporated, or as Sidney H. Evans, individually and trading and doing business as Evans Manufacturing Co."
 
 
 5
 Appellees did not file an answer to the amended complaint.
 
 
 6
 At trial Kroger took the position that pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, the unanswered allegation of the amended complaint amounted to an admission by the appellees that they manufactured the jacket in question. At the close of Kroger's case, the district court, on Kroger's motion and over appellees' objection, admitted the admission into evidence. Immediately thereafter, counsel for the appellees announced, in his opening statement, that the appellees' would prove that they had not manufactured the jacket worn by the minor plaintiff. Appellant unsuccessfully objected that the appellees had admitted parentage, i. e., manufacturing the jacket. At the close of the appellees' case, on appellees' motion, the "conditional admission" was stricken from evidence.
 
 
 7
 The jury returned a verdict against Kroger in the main suit. In the third party action, by special interrogatories, the jury found that the appellees had not manufactured the jacket worn by the minor plaintiff. Kroger moved for a new trial, which motion was denied. LaGorga v. Kroger Company, 275 F. Supp. 373, 383 (W.D.Pa., 1967).
 
 
 8
 Kroger now appeals from the special verdict in the third party action and the judgment entered thereon.
 
 
 9
 Appellant's challenge is predicated on its contention that, as against appellant, the appellees admitted manufacturing the jacket in question when they failed to file an appropriate response to appellant's amended third party complaint and the district court erred in deciding to the contrary. The district court found that the allegations concerning the parentage issue in the original third party complaint and in the amended third party complaint were substantially the same. Thus, it concluded that appellees' denial in their answer to the original complaint served equally to deny the averment in the amendment. Appellant attacks the district court's premise of substantial similarity. The attack lacks merit.
 
 
 10
 It is true, as the appellant urges, that in the amended third party complaint appellees were charged with manufacture of the particular jacket worn by the minor plaintiff, while the original complaint merely alleged that the appellees had manufactured jackets identical to the one in question. However, appellees did not in their first defense address themselves to the failure of the original complaint to charge them with the manufacture of the jacket in question. Instead, their answer had the effect of denying that the appellees manufactured the jacket. While it would have been preferable for the appellees to respond directly to the amended complaint, in the circumstances of this case, the failure to specifically respond did not result in an admission under Rule 8(d) F.R.C.P.
 
 
 11
 Concededly, and as the district court observed, appellant could have been misled by the absence of a specific response to the amended complaint. However, any possible confusion generated in appellant's mind by the absence of a specific response, should have been dispelled by the pretrial stipulation[1] which appellant's counsel signed and which antedated the trial by some 7 months.
 
 
 12
 In addition to the foregoing, the appellant's conduct at trial belies any contention that the appellant was surprised to its prejudice when the trial of the third party action focused on the issue of parentage. To the contrary, it was the appellant who introduced the issue when it called Jack Piet, in its case in chief, for, in the words of appellant's counsel, "* * * the very narrow purpose of proving from whom these jackets came." In these circumstances, accepting appellant's contention would be to reject the well established principle that, under the federal rules pleading is a vehicle "`to facilitate a proper decision on the merits'" and not "`a game of skill in which one misstep by counsel may be decisive * * *'" United States v. Hougham, 364 U.S. 310, 317, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960).
 
 
 13
 Beyond the challenge just discussed, appellant also contends that the district court erred when, at the close of all the testimony, it struck from evidence the paragraph of the amended complaint which appellant had previously introduced as an admission. Fatal to appellant's contention is our approval of the district court's determination that there was no admission. It is significant also that, although appellant's counsel vigorously opposed the motion to strike, and moved for a mistrial when the district court granted the motion, he neither asked for a continuance to produce further evidence, nor did he ask leave to reopen his case to offer additional testimony or documentary evidence at that time.
 
 
 14
 Accordingly, the judgment of the district court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 The pertinent parts of the pretrial stipulation are set forth in the district court opinion. LaGorga v. Kroger, supra, p. 385, n. 24