Vernon SMALL, Plaintiff-Appellant,

v.

GENERAL MOTORS CORPORATION, a Delaware corporation, and Ronald Mayer, Defendants-Appellees.

No. 83CA1007.

Colorado Court of Appeals, Div. III.

Sept. 20, 1984.

Rehearing Denied Oct. 18, 1984.

Certiorari Denied Jan. 14, 1985.

Keller, Dunievitz & Johnson, Alex Stephen Keller, Stephen W. Wahlberg, Denver, for plaintiff-appellant.

Baker & Hostetler, James A. Clark, Denver, for defendants-appellees.

KELLY, Judge.

Plaintiff, Vernon Small, appeals the order of the trial court dismissing his amended complaint against defendants, General Motors and Ronald Mayer, for failure to state a claim on which relief could be granted. Because Small's notice of appeal was not timely filed, we dismiss the appeal.

The trial court order dismissing Small's amended complaint was entered in the register of actions on April 20, 1983. On June 2, 1983, and within the additional time allowed by the trial court, Small filed a "motion for reconsideration," which was denied on July 11, 1983. On August 16, another minute order appears in the register of actions showing judgment in favor of defendant against plaintiff and dismissal of plaintiff's complaint. On August 25, Small filed his notice of appeal of "the final judgment entered August 16, 1983."

██ █ The issue is whether the order of dismissal entered in the register of actions on April 20, 1983, is the final judgment in this case which triggers the time requirements of C.A.R. 4 or whether the final judgment subject to appeal is that entered in the register of actions on August 16, 1983. We hold that the order of dismissal entered on April 20, 1983, is the final judgment, and that the "motion for reconsideration" filed by Small operated as a motion to alter or amend judgment suspending the running of the time until the ruling of the trial court thereon. *See* C.A.R. 4(a). Hence, the denial of the motion for reconsideration on July 11, 1983, is the critical date for determining the timeliness of the notice of appeal. *See Moore & Co. v. Williams*, 672 P.2d 999 (Colo.1983).

Since, under the rule then applicable, only thirty days were permissible for the filing of the notice, and since there is no suggestion in this record that the principles announced in *Converse v. Zinke*, 635 P.2d 882 (Colo.1981) are applicable to the entry of the purported August 16 judgment, we conclude that the filing of the notice of appeal on August 25 was untimely.

The appeal is dismissed.

TURSI and METZGER, JJ., concur.