**William ROBERTS, Plaintiff–Appellee,**

v.

**John NOVINGER and Barbara Novinger, Defendants– Appellants.**

**No. 90CA997.**

Colorado Court of Appeals, Div. I.

June 6, 1991.

Rehearing Denied July 18, 1991.

Elwyn F. Schaefer, P.C., Elwyn F. Schaefer, Steven Clymer, Denver, for plaintiff-appellee.

John Novinger and Barbara Novinger, pro se.

Opinion by Judge DUBOFSKY.

Defendants, John and Barbara Novinger, appeal the order of the trial court denying their C.R.C.P. 60(b) motion to vacate the default judgment entered against them and in favor of plaintiff, William Roberts. The default was entered by the trial court because defendants did not respond to plaintiff's amended complaint. We reverse and remand.

In this appeal, defendants contend the default was improperly entered and should have been vacated because they were not notified of the trial court's order granting

plaintiff leave to amend the complaint and they were not served with a copy of the amended complaint following entry of that order. Defendants further contend that, since the amended complaint merely added another party and did not change the allegations and claims against them, their answer to the original complaint was sufficient to deny the allegations and claims in the amended complaint. We agree with defendants.

Under C.R.C.P. 55, no default judgment can properly be entered unless a litigant has failed to plead or otherwise respond as required by the rules of civil procedure. C.R.C.P. 55(a).

Here, although defendants received a copy of the underlying proposed amended complaint when plaintiff served notice of the motion to amend, the record indicates that defendants received neither actual nor constructive notice of the court order authorizing the amendment. C.R.C.P. 121 § 1–15(5) requires the trial court, whenever it enters an order denying or granting a motion without a hearing, to forthwith notify the parties of such order. Moreover, it is undisputed that plaintiff failed to serve defendants with a copy of the amended complaint after the court issued its order authorizing such amendment.

Furthermore, we note that the allegations against these defendants are the same in the amended complaint as in the original one. Defendants' answer to the original complaint had specifically denied those claims. Accordingly, defendants' answer to the original complaint placed in the record their denial of plaintiff's claims, and such denials carry forward to provide a denial and answer to the claims in the amended complaint. *See Lee v. Colorado Department of Health,* 718 P.2d 221 (Colo. 1986); *see also LaGorga v. Kroger Co.,* 407 F.2d 671 (3d Cir.1969) (answer to initial complaint was an adequate basis for denial of amended complaint where the allegations against defendant were essentially the same). We also note that here, the

trial court did not order defendants to file an amended answer.

Under these circumstances, we conclude no valid default judgment was entered on the amended complaint. Consequently, the trial court erred in denying defendants' motion to vacate the judgment. *See* C.R.C.P. 55(c).

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

PIERCE and SILVERSTEIN *, JJ., concur.