UNITED BANK OF BOULDER, N.A., f/k/a Intrawest Bank of Boulder, N.A., Plaintiff,

v.

Mary Estill H. BUCHANAN, Defendant–Appellee,

and

Curtis B. Uhre, Defendant–Appellant.

No. 91CA1044.

Colorado Court of Appeals, Div. IV.

July 2, 1992.

**474**

No appearance for plaintiff United Bank of Boulder, N.A.

Neuman, Cobb & Cornelius, Nathan L. Stone, John W. Cobb, Boulder, for defendant-appellee.

Curtis B. Uhre, pro se.

Opinion by Judge DAVIDSON.

Defendant Curtis B. Uhre appeals from the denial of his C.R.C.P. 60(b) motion to set aside a default judgment entered against him. We vacate the judgment and remand to the trial court.

In June 1984, plaintiff, United Bank of Boulder, filed a complaint against defendant Uhre for failure to repay a promissory note, and against defendant Mary Estill Buchanan, as guarantor of the loan. Prior to the filing of the complaint, Uhre, who had been a Colorado resident at the time of the execution of the note, moved to Washington, D.C. The return of service, dated August 6, 1984, indicated that service had been effected in Washington, D.C., by "delivering [a] copy of the summons and complaint with [defendant's] wife."

Uhre did not file an answer and a default judgment ultimately was entered against him on October 9, 1984. A certification pursuant to C.R.C.P. 54(b) was not sought or obtained. The default judgment and all "interest in the litigation" was assigned by plaintiff to Buchanan on September 12, 1985. Plaintiff's complaint remained pending against Buchanan, however, until it was dismissed by stipulation on November 14, 1990.

On March 4, 1991, Uhre filed a motion to quash service, alleging that the court lacked personal jurisdiction to enter the judgment against him. The trial court treated the motion as a C.R.C.P. 60(b) motion and, on March 29, 1991, denied it on the grounds that it was not filed within a reasonable time. On April 11, 1991, Uhre filed a motion to alter or amend judgment under C.R.C.P. 59. That motion was denied on June 4, 1991, and on June 7, 1991, Uhre filed this appeal.

## I.

As a threshold matter, we address Buchanan's contention that the appeal was filed untimely and that this court lacks jurisdiction to consider its merits. We disagree.

■ As relevant here, a notice of appeal must be filed within 45 days of the entry of a final judgment or order of the trial court. C.A.R. 4(a). And, an order denying a C.R.C.P. 60(b) motion is appealable independently of an underlying judgment. *See Cortvriendt v. Cortvriendt*, 146 Colo. 387, 361 P.2d 767 (1961).

■ Nonetheless, the running of time for filing a notice of appeal is terminated as to all parties by a timely post-trial motion filed pursuant to C.R.C.P. 59. *See Wright Farms, Inc. v. Weninger*, 669 P.2d 1054 (Colo.App.1983). A C.R.C.P. 59 motion must be filed within 15 days from the date of entry of judgment or the date of mailing. *See* C.R.C.P. 58(a) and 59(a). If such motion is filed, the time for filing the notice of appeal begins to run from the date the trial court determines the motion or the date the motion is deemed denied, whichever is earlier. *See* C.A.R. 4(a); C.R.C.P. 59(j); C.R.C.P. 59(k). *See In re Marriage of Forsberg*, 783 P.2d 283 (Colo. 1989).

■ Contrary to Buchanan's contention, the final order appealed from is the order denying Uhre's C.R.C.P. 60(b) motion, not the judgment entered on November 14, 1990. Thus, because Uhre timely filed his C.R.C.P. 59 motion 15 days after the trial court's denial of his C.R.C.P. 60(b) motion, and filed his notice of appeal from the denial of the C.R.C.P. 60(b) motion within 45 days of the trial court's denial of the C.R.C.P. 59 motion to alter or amend the C.R.C.P. 60(b) order, the appeal is timely.

■ For similar reasons, we reject Buchanan's argument that Uhre's C.R.C.P. 59 motion was "merely a second post-trial motion which did not suspend the time for filing a notice of appeal." Since the order appealed from is the denial of the C.R.C.P. 60(b) motion, and since Uhre's C.R.C.P. 59 motion is, in effect, a request to reconsider that final order, *see Small v. General Motors Corp.*, 694 P.2d 374 (Colo.App.1984) (C.R.C.P. 59 motion properly denominated

as a "motion for reconsideration"), it suspends the time for filing the notice of appeal of the March 27, 1991, order denying the C.R.C.P. 60(b) motion. *See Wright Farms, Inc. v. Weninger, supra.*

## II.

The trial court denied Uhre's motion to quash on the grounds that it was not filed within a reasonable time. Uhre contends that the court was incorrect in that his C.R.C.P. 60(b) motion was filed within four months of the final judgment. He also argues that, because the trial court lacked personal jurisdiction over him, the judgment was void and, therefore, was subject to attack at any time.

### A.

In its order, the trial court noted that the order of default was entered against defendant in 1984 and concluded that there "is nothing in the motion to justify a finding" that his motion was filed "within a reasonable time."

■ Uhre argues that implicit in the court's order is the erroneous assumption that the 1984 order of default was a final judgment. We agree. Although the order of default was entered in 1984, because no C.R.C.P. 54(b) certification was obtained, that order did not become a final judgment until November 14, 1990. *See Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986). Buchanan's argument to the contrary notwithstanding, C.R.C.P. 60(b) applies to "relieve a party [from] a *final* judgment, order or proceeding." Thus, Uhre's motion to quash was filed four months, not six years, after the entry of the final judgment.

### B.

Buchanan argues that even if the reasonableness of the filing of Uhre's motion must be measured from November 1990, under the circumstances here, it was unreasonable for him to wait four months after the entry of the final judgment to file his motion. Implicit in Buchanan's argument is the contention that, regardless of the fact that the order of default did not become a final judgment until 1990, by waiting until 1991 to protest the validity of process which had been served in 1984, Uhre did not act within a reasonable time.

We note that Buchanan's contention assumes as fact that Uhre knew of the substituted service on his wife and of the filing of the complaint; however, the trial court made no findings on this issue. Nonetheless, because we next conclude that the November 1990 order of default was void, we need not reach the merits of this argument and a remand of this matter for reconsideration by the trial court for findings on this issue therefore is unnecessary.

### C.

■ Uhre contends that, because personal service was not properly effected, the judgment entered against him was void, and as such, it was subject to attack under C.R.C.P. 60(b) without regard to the time limitations otherwise applicable to such a motion. We agree.

### 1.

First, we conclude that, as Uhre asserts, the judgment was void for lack of personal jurisdiction.

■ An objection to lack of personal jurisdiction relates to the power of a court to compel a defendant to appear and to defend or face entry of a default judgment. And, an objection to service of process is directed to the manner of notifying a defendant that a plaintiff seeks to have a court exercise personal jurisdiction over the defendant. 4 R. Hardaway & S. Hyatt, *Colorado Civil Rules Annotated* 108 (1985) ("Proper service of process alone does not confer personal jurisdiction, nor does the existence of personal jurisdiction obviate the need for proper service of process.").

■ Here, it is undisputed that Uhre signed the promissory note in Colorado and was a Colorado resident at that time. Further, the note itself provided that Uhre submitted to the jurisdiction of Colorado courts for any enforcement action. There-

fore, pursuant to the Colorado Long Arm Statute, § 13–1–124(1)(b), C.R.S. (1987 Repl.Vol. 6A), the trial court has subject matter jurisdiction over the lawsuit. However, the trial court has personal jurisdiction over Uhre only if he was properly served. *See ReMine ex rel. Liley v. District Court,* 709 P.2d 1379 (Colo.1985).

Section 13–1–125, C.R.S. (1987 Repl.Vol. 6A) instructs that service of process outside of Colorado "may be made by personally serving the summons upon the [defendant] outside this state, in the manner prescribed by the Colorado rules of civil procedure." C.R.C.P. 4(f), in pertinent part, requires that personal service outside the state is accomplished *"by delivering* a copy of the process, together with a copy of the pleading upon which it was issued, *to the person served."* (emphasis added) .

Here, the return of service and Uhre's affidavit showed that service was not made on him, but on his wife. Buchanan did not file an affidavit to the contrary, nor does the she dispute this fact. Hence, such service did not meet the requirements of the statute and rule.

Buchanan argues, however, that C.R.C.P. 4(f)(1) permits substituted service as set forth in C.R.C.P. 4(e)(1). We disagree.

C.R.C.P. 4(e)(1), by its terms, sets forth the general rule for service of process on individual persons within Colorado. C.R.C.P. 4(f)(1) is the counterpart rule for service of process outside of Colorado. The rules do not cross-reference each other and must be read separately.

C.R.C.P. 4(e)(1) allows personal service on an individual to be made by serving the individual, *or* a member of the individual's family at his usual place of abode, *or* his stenographer, bookkeeper, or clerk at his usual place of business. These alternative methods of service set forth in C.R.C.P. 4(e)(1), however, are noticeably absent in C.R.C.P. 4(f)(1).

In contrast, by its plain language, C.R.C.P. 4(f)(1) permits service *only* by hand delivery to the individual to be served. Thus, "[u]nlike service on residents, non-residents must be served personally, and substituted service is not allowed." 4 R.

Hardaway & S. Hyatt, *Colorado Civil Rules Annotated* 20 (1985). *See* 1 C. Krendl, *Colorado Methods of Practice* § 485 (1989) ("Unlike service within the state, [no] provision is made [in C.R.C.P. 4(f)(1) ] for substituted service on family members, clerks and secretaries."). *Cf. ReMine ex rel. Liley v. District Court, supra* (C.R.C.P. 4(f)(1) does not permit service by publication); *Merrill Chadwick Co. v. October Oil Co.,* 725 P.2d 17 (Colo.App. 1986) (interpreting C.R.C.P. 4(e)(1)).

Accordingly, we conclude, as a matter of law, that the service of process on defendant's wife did not confer personal jurisdiction over defendant. And, a judgment entered by a trial court against a defendant where the service itself is invalid is void. *Weaver Construction Co. v. District Court,* 190 Colo. 227, 545 P.2d 1042 (1976); *Denman v. Great Western Ry. Co.,* 811 P.2d 415 (Colo.App.1990).

### 2.

■ The dispositive issue thus becomes whether a void judgment can be challenged at any time under C.R.C.P. 60(b).

The issue presented here was addressed by this court in *Don J. Best Trust v. Cherry Creek National Bank,* 792 P.2d 302 (Colo.App.1990). In that case, a division of this court concluded that a judgment entered against a garnishee which was void because the writ of garnishment was facially insufficient could be attacked at any time. The court there stated: "This conclusion is based upon the consideration that a void judgment is no judgment at all and, therefore, that the 'reasonable time' requirement of the rule 'means in effect, no time limitation.' " *See Mathews v. Urban,* 645 P.2d 290 (Colo.App.1982). *But see Martinez v. Dixon,* 710 P.2d 498 (Colo.App. 1985) ("the clear language of C.R.C.P. 60(b) requires that the motion must be filed within [a] reasonable time if it alleges that the judgment is void").

Accordingly, because the default judgment was void, the fact that six years elapsed between the entry of that judgment and the filing of the motion to quash

could not, as a matter of law, bar Uhre's challenge to that judgment. Therefore, the trial court erred in denying the C.R.C.P. 60(b) motion to set it aside for failure to file within a reasonable time. And, because the judgment was void for lack of proper service of process, it must be vacated. *Weaver Construction Co. v. District Court, supra.*

### III.

Finally, although the default judgment must be set aside, we do not agree with Uhre that the complaint must be dismissed.

First, insofar as Uhre contends that the stipulation of dismissal of the complaint between plaintiff and Buchanan operates as a dismissal as to him, we disagree. The clear language of the stipulation indicates that it is a dismissal as to Buchanan only; the only effect on Uhre of the dismissal is to render the default judgment final under C.R.C.P. 54. *See Kempter v. Hurd, supra.*

Secondly, although a complaint must be dismissed if the court otherwise lacks jurisdiction over a defendant, improper service alone does not require dismissal of the cause of action. Instead, "the trial court should [merely] hold the service invalid and allow the action to stand so that the plaintiff can continue to seek proper service." *Bolger v. Dial–A–Style Leasing Corp.,* 159 Colo. 44, 409 P.2d 517 (1966); *see Fletcher v. District Court,* 137 Colo. 143, 322 P.2d 96 (1958).

Accordingly, the default judgment is vacated, and the cause is remanded to the trial court with directions to allow Buchanan a reasonable time within which to serve Uhre and for further proceedings as necessary.

CRISWELL and JONES, JJ., concur.