**MASON-JARES, LTD., a Colorado corporation, Plaintiff–Appellee,**

v.

**Earl E. PETERSON and Carl J. Peterson, Defendants–Appellants.**

**No. 96CA0975.**

Colorado Court of Appeals, Div. III.

May 15, 1997.

Robert J. Mason, Colorado Springs, for Plaintiff-Appellee.

Frederick W. Newall, Colorado Springs, for Defendants-Appellants.

Opinion by Judge RULAND.

In this quiet title action, defendants, Earl E. and Carl J. Peterson, appeal from the trial court's order denying their motion to set aside a default judgment in favor of plaintiff, Mason–Jares, Ltd. We reverse and remand for further proceedings.

Defendants, who are brothers, were both intended assignees of an agreement to purchase a parcel of real property located in El Paso County, Colorado. Both defendants signed the instrument, but only one was actually described as the assignee.

After defendants failed to make several installment payments toward the purchase, plaintiff filed a complaint pursuant to C.R.C.P. 105 to quiet title in the property. Thereafter, plaintiff filed a verified motion seeking to serve defendants by publication pursuant to C.R.C.P. 4(h), alleging that the efforts to locate defendants had been unsuccessful. The trial court granted plaintiff's motion and notice of the action was published in a newspaper between October 31, 1995, and November 21, 1995.

Some time prior to November 6, 1995, plaintiff or plaintiff's counsel received a handwritten letter from defendant Carl J. Peterson requesting that plaintiff not "take any legal steps." Defendants attempted to cure their delinquent installment payments by enclosing some money orders.

This letter also included a new address where plaintiff should contact "the Peterson." This reference apparently was intended to refer to both defendants, and plaintiff does not contend otherwise.

On November 6, 1995, more than two weeks prior to the completion of service by publication, plaintiff's counsel responded with a letter to the new address informing defendant Carl J. Peterson that plaintiff had commenced a quiet title action. The letter also indicated that the money orders were being returned and that "your alternative" is to pay the balance of the purchase price.

Thereafter, plaintiff filed notices with the court regarding the setting and date of a hearing for entry of a final decree. Notwithstanding the prior correspondence with defendant Carl J. Peterson at his new address, plaintiff mailed copies of these two notices to the old address.

After defendants failed to appear for the hearing, the trial court entered an order for default. The court then entered a decree quieting title in plaintiff.

Approximately two months later, defendants filed a motion to set aside the default judgment and underlying decree. Defendants argued that the service by publication was invalid because, among other things, it violated due process. Specifically, defendants argued that, since plaintiff had been in direct communication with defendant Carl J. Peterson, but failed to serve either defendant personally with the summons and complaint or with notice of the hearings, the judgment was void.

The trial court denied defendants' motion. In so doing, it noted that "[i]t appears ... Carl Peterson did have notice of the proceeding" and that neither defendant had asserted a meritorious defense.

Defendants contend that the trial court erred in refusing to set aside the default judgment entered against them. We agree.

■ C.R.C.P. 60(b)(3) provides that the trial court may relieve a party from a final judgment if the judgment is void. A judgment is void if the procedure used to enter that decree violates a party's due process rights. *Don J. Best Trust v. Cherry Creek National Bank,* 792 P.2d 302 (Colo.App. 1990); *see also United Bank v. Buchanan,* 836 P.2d 473 (Colo.App.1992) (judgment entered by a trial court against a defendant is void if the service of process is invalid).

■ Service by publication is authorized in a quiet title proceeding if the requirements of C.R.C.P. 4(g) and C.R.C.P. 4(h) are satisfied. However, the issue before us is whether published notice meets due process requirements if, as here, a party's location is discovered by plaintiff during the publication process.

In *Bray v. Germain Investment Co.,* 105 Colo. 403, 98 P.2d 993 (1940), the plaintiff learned the names and addresses of certain previously "unknown" defendants two days after obtaining an order allowing service by publication against such defendants. Notwithstanding this new information, the plaintiff took no action other than publication to serve those defendants and eventually obtained a default judgment based upon that service.

On appeal, our supreme court held that the trial court erred in refusing to set aside the default judgment. The court noted that, although reasonable diligence may have been exercised in obtaining the order for publication, the new information on the defendants' whereabouts required that the plaintiff take additional action to effect service. Specifically, the court stated:

> [T]he spirit of the law required that reasonable effort then be made ... to bring actual notice to such persons of the pendency of an action affecting their rights in or to the res involved in the litigation.... If, after such knowledge ... a reasonable effort is not made to give actual notice, the service ... by publication is not valid and judgment based on such service is void.

*Bray v. Germain Investment Co., supra,* 105 Colo. at 408, 98 P.2d at 995; *see also United National Bank v. Searles,* 331 N.W.2d 288 (S.D.1983)(service by publication ineffective if further information is discovered prior to, or during pendency of, such service).

In our view, the analysis in *Bray* applies regardless whether the location of a defendant is discovered prior to commencement of the publication of notice or, as here, after publication of the notice has started but before publication has been completed.

Accordingly, we agree with defendants that, under the circumstances of this case, service upon them by publication did not comply with due process requirements.

■ We further conclude that the trial court erred in denying defendants' motion based upon their failure to assert a meritorious defense. If, as here, a party establishes that a default judgment is void, it is unnecessary to establish that a meritorious defense was available. *See Bray v. Germain Investment Co., supra; Bazine State Bank v. Pawnee Production Service, Inc.,* 245 Kan. 490, 781 P.2d 1077 (1989), *cert. denied,* 495 U.S. 932, 110 S.Ct. 2173, 109 L.Ed.2d 502 (1990).

Based upon our disposition of the foregoing issues, it is unnecessary to address defen-

dants' other contentions relative to the validity of the default judgment.

The order is reversed and the cause is remanded to allow defendants to answer the complaint and for further proceedings consistent with the views expressed in this opinion.

PLANK and JONES, JJ., concur