**FLUID TECHNOLOGY, INC., Plaintiff–Appellant and Cross–Appellee,**

v.

**CVJ AXLES, INC., Defendant–Appellee and Cross–Appellant.**

**No. 97CA0382.**

Colorado Court of Appeals, Div. IV.

Aug. 20, 1998.

and § 24–51–1105, C.R.S.1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Anderson & Jahde, P.C., Steven R. Anderson, Denver, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge CASEBOLT.

In this action asserting negligent misrepresentation, plaintiff, Fluid Technology, Inc., appeals the dismissal of its complaint against defendant, CVJ Axles, Inc. Defendant cross-appeals, contending that the trial court erred in denying its request for attorney fees and costs. We affirm in part, reverse in part, and remand for further proceedings.

According to the complaint, a bookkeeper employed by plaintiff who had previously been employed by defendant stole money from plaintiff. Before plaintiff hired the employee, defendant had supplied plaintiff with false information about the employee's job performance.

Specifically, when plaintiff conducted an employment reference check, defendant gave a positive recommendation, indicating that the employee had worked for it for three years and had been a "fine employee." In fact, defendant had terminated the employee for stealing from it and the employee had been convicted for that theft.

The complaint further alleged that defendant had provided this false information to plaintiff in the ordinary course of its business; that, based on this misrepresentation from defendant, plaintiff had hired the employee; and that plaintiff was damaged when the employee embezzled its funds.

Defendant contended that the complaint failed to state a claim upon which relief could be granted because plaintiff had failed to allege that defendant had a pecuniary interest in the transaction when it conveyed the information to plaintiff. Thus, defendant moved to dismiss under C.R.C.P. 12(b)(5). The trial court granted the motion.

Defendant then requested attorney fees and costs under § 13–17–102, C.R.S.1997, which the trial court denied, and this appeal followed.

Kissinger & Fellman, P.C., Kenneth S. Fellman, Denver, for Plaintiff–Appellant and Cross–Appellee.

Plaintiff contends that the trial court erred in granting the motion to dismiss because its complaint alleged sufficient facts to state a

claim under the theory of negligent misrepresentation. We agree.

Motions to dismiss under C.R.C.P. 12(b)(5) are viewed with disfavor. *Rosenthal v. Dean Witter Reynolds, Inc.,* 908 P.2d 1095 (Colo.1995).

We review a trial court's determination on a motion to dismiss *de novo, Abts v. Board of Education,* 622 P.2d 518 (Colo. 1980), and, like the trial court, must accept all averments of material fact contained in the complaint as true. *Shapiro & Meinhold v. Zartman,* 823 P.2d 120 (Colo.1992).

A complaint need not express a complete recitation of all facts that support the claim, but need only serve notice of the claim asserted. *Elliott v. Colorado Department of Corrections,* 865 P.2d 859 (Colo.App. 1993). Indeed, the chief function of a complaint is to give notice to the defendant of the transaction or occurrence that is the subject of plaintiff's claims. *Kluge v. Wilson,* 167 Colo. 526, 448 P.2d 786 (1968). Thus, C.R.C.P. 12(b)(5) motions "are rarely granted under our notice pleadings." *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286, 1291 (Colo.1992).

Allegations in the complaint must be viewed in the light most favorable to the plaintiff. Also, it is fundamental that, in passing upon a motion to dismiss a complaint, the court can consider only matters stated in the complaint and must not go beyond the confines of the pleading. *McDonald v. Lakewood Country Club,* 170 Colo. 355, 461 P.2d 437 (1969).

The tort of negligent misrepresentation was first recognized in *First National Bank v. Collins,* 44 Colo.App. 228, 616 P.2d 154 (1980). There, a division of this court adopted the rationale of Restatement (Second) of Torts § 552(1) (1976) which sets forth the following elements necessary to state a claim for relief in negligent misrepresentation:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

That formulation has since been approved by the supreme court. *See Keller v. A.O. Smith Harvestore Products, Inc.,* 819 P.2d 69 (Colo. 1991).

Restatement § 552(1) comment c explains that the rule applies only when the defendant has a pecuniary interest in the transaction in which the information is given. If a defendant has no pecuniary interest and the information is given purely gratuitously, then defendant is under no duty to exercise reasonable care and competence in giving it. Hence, we reject, as did the trial court, plaintiff's argument that no pecuniary interest is required.

Restatement § 552(1) comment d indicates that a defendant's pecuniary interest will normally lie in a consideration paid to him for supplying the information, but it may also be of a more indirect character. The comment further notes that the fact that the information is given in the course of the defendant's business, profession, or employment is a sufficient indication that he has a pecuniary interest in it, even though he or she receives no consideration for it at the time.

Here, the trial court accepted as true all of the allegations of the complaint, except for the allegation that defendant provided the information to plaintiff in the course of its business. As to that allegation, the court made a factual finding that defendant gave the information gratuitously. However, at this stage of the proceedings, the court was obliged to accept all averments of material fact contained in the complaint as true. *See Shapiro & Meinhold v. Zartman, supra.*

Viewing the allegations in the complaint in the light most favorable to plaintiff, we conclude that its complaint was sufficient to aver a pecuniary interest, since plaintiff alleged that defendant provided the information in the course of its business. *See Elliott v. Colorado Department of Corrections, supra*

(a complaint need not express a complete recitation of all facts which support the claim, but need only serve notice of the claim asserted). Accordingly, the dismissal of plaintiff's complaint cannot stand.

In view of this resolution, we affirm the trial court's determination not to award attorney fees under § 13–17–102, C.R.S.1997. Further, in view of this disposition, we need not address plaintiff's remaining contentions.

That part of the judgment denying defendant's motion for attorney fees and costs is affirmed; the judgment dismissing plaintiff's complaint is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

RULAND and ROTHENBERG, JJ., concur.