**Charles J. RAINSBERGER,**
**Plaintiff–Appellee,**

v.

**J. KLEIN d/b/a J. Klein Construction,**
**Defendant–Appellant.**

**No. 98CA2029.**

Colorado Court of Appeals,
Div. IV.

Dec. 9, 1999.

Certiorari Denied July 24, 2000.*

What constitutes notice to an adverse party sufficient to require that party to take some action in response to a summons and complaint?

---

* Justice KOURLIS would grant as to the following issues:

Matsunaka & Drake, L.L.C., Stanley T. Matsunaka, Jeanne S. Drake, Warren Schaeffer, Loveland, Colorado, for Plaintiff–Appellee.

Gordon F. Esplin, Fort Collins, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, J. Klein, appeals from the trial court's order denying his C.R.C.P. 60(b)(3) motion challenging a default judgment entered against him in favor of plaintiff, Charles J. Rainsberger. We reverse the post-judgment order, vacate the default judgment, and remand for further proceedings.

The record reveals the following facts. This action was commenced in March 1995, when plaintiff filed a complaint asserting a negligence claim against a defendant designated in the caption as "J. Klein Construction," which was further described in the body of the complaint as "a business entity." The summons and complaint were personally served on "Jay Klein" on May 8, 1995.

Does the filing of an Answer to Interrogatories to Judgment Debtor Pursuant to Rule 69, C.R.C.P. as J. Klein, d/b/a J. Klein Construction constitute judicial estoppel that J. Klein Construction is not separate entity?

In September 1995, the trial court granted plaintiff's motion to amend the caption of the complaint to designate the name of the defendant as "J. Klein, d/b/a J. Klein Construction." No notice of either the motion or the order was given to the newly-designated individual defendant, and there was no further service of process on him.

No answer has been filed, and defendant did not appear or otherwise defend in the trial court prior to entry of judgment. On plaintiff's motion, a default judgment was eventually entered against defendant "J. Klein, d/b/a J. Klein Construction" on January 12, 1996.

Defendant's first appearance in the trial court was by the filing of his answers to C.R.C.P. 69 interrogatories, in which he denied using "any business or trade names." Later, on June 12, 1998, defendant filed a motion pursuant to C.R.C.P. 60(b)(3) to set aside the default judgment.

The trial court denied the motion, ruling that the judgment against defendant was not void. In so ruling, the trial court found that defendant was "well aware of the suit against him individually" when he was served with the summons and complaint, and was made aware that the judgment was against him individually when he received and answered the interrogatories.

■ Defendant contends that the judgment is void because he was not properly served with process as to any claims against him individually and the trial court thus lacked personal jurisdiction over him at the time the judgment was entered. We agree.

■ C.R.C.P. 60(b)(3) provides for relief from a final judgment if the judgment being challenged is "void." *See Mason–Jares, Ltd. v. Peterson,* 939 P.2d 522 (Colo.App.1997). Further, a default judgment entered when the trial court lacks personal jurisdiction over a defendant because of invalid service of process is void and must be vacated upon request. *See Weaver Construction Co. v. District Court,* 190 Colo. 227, 545 P.2d 1042 (1976); *United Bank v. Buchanan,* 836 P.2d 473 (Colo.App.1992).

Here, in granting plaintiff's motion to "amend the caption," the trial court essentially allowed plaintiff to add "J. Klein" as an individual party defendant. However, notice of this change was not given to defendant prior to the entry of judgment against him individually. We also agree with defendant that the original service of process on him was ineffective as to any claims purporting to be against him as an individual defendant.

■ Contrary to plaintiff's argument, defendant's knowledge of any claims asserted against the allegedly related business entity is irrelevant, and the inquiry must focus on the summons and complaint actually served, rather than on the relationship between the parties. The purpose of a pleading and the requirement for service of process are to give the adverse party notice of the commencement of the action and the claims against it so as to provide it with the opportunity to appear and defend. *See Bush v. Winker,* 907 P.2d 79 (Colo.1995).

The summons and complaint actually served here did not name "J. Klein" as an individual party defendant, nor was there any indication given that his receipt of service of process on behalf of "J. Klein Construction" also somehow constituted service of process concerning any claims against "J. Klein" individually. Thus, we conclude that the original complaint and the original service of process were insufficient to put defendant on notice of any claims against him individually as a party defendant. *See Bush v. Winker, supra.*

■ Because defendant was not served with process after the "caption change," we further conclude that the default judgment against him individually is void for lack of personal jurisdiction over him. *See Weaver Construction Co. v. District Court, supra; United Bank v. Buchanan, supra; see also Roberts v. Novinger,* 815 P.2d 996 (Colo.App. 1991) (no valid default judgment entered on amended complaint where defendants were neither notified of authorization for amendment nor served with amended complaint).

Courts in other jurisdictions have held that an individual sued only under his or her trade name has nevertheless received sufficient notice to support the court's acquisition

of personal jurisdiction. *See, e.g., Hughes v. Cox*, 601 So.2d 465 (Ala.1992). In that case, the court concluded that: "[o]ne doing business in a trade name has fair notice that a complaint alleging a cause of action arising out of his business may lead to personal liability." *Hughes v. Cox, supra*, 601 So.2d at 471.

Here, however, the pleadings served on defendant prior to entry of the default judgment did not allege that he was being sued in an individual capacity. The summons and complaint named as the sole defendant "J. Klein Construction," which the complaint identifies as a "business entity." Significantly, the record does not demonstrate that defendant had in fact conducted business under the trade name "J. Klein Construction." Under these circumstances, we view the *Hughes* case and similar decisions involving parties conducting business under trade names as distinguishable from the situation presented here.

■ Next, we reject plaintiff's argument that defendant's post-judgment court appearances served to validate the void default judgment by curing any deficiency in the trial court's personal jurisdiction over him. Although defendant has now made an appearance in this action and is subject to the jurisdiction of the court from the date he did so, his post-judgment appearance is not retroactive and does not serve to validate the void judgment. *See Weaver Construction Co. v. District Court, supra.*

■ We also reject plaintiff's argument that defendant's C.R.C.P. 60(b)(3) motion was untimely. To the contrary, a void judgment may be challenged at any time pursuant to C.R.C.P. 60(b)(3), and must be vacated upon request. *See United Bank v. Buchanan, supra.*

We decline to address plaintiff's contentions regarding defendant's alleged bankruptcy filing, because we find no basis in the record to consider such matters. *See Westrac, Inc. v. Walker Field*, 812 P.2d 714 (Colo. App.1991) (statements in a party's brief cannot supply that which must be contained in the record).

In light of our disposition of the issues, we need not address the remaining contentions of the parties concerning the validity of the default judgment, and we necessarily reject plaintiff's contention that this appeal is frivolous and groundless.

Accordingly, the order denying defendant's C.R.C.P. 60(b)(3) motion is reversed, the default judgment is vacated, and the cause is remanded to the trial court with directions to allow defendant to file an answer to the complaint and for further proceedings.

Judge RULAND concurs.

Judge BRIGGS dissents.

Judge BRIGGS dissenting.

This case does not raise the question of whether a judgment that identifies the defendant as an existing business entity that is separate from an individual can be enforced as a judgment against that individual. Rather, the issue before us is more complex: When a judgment is entered against an individual, is that individual entitled to avoid enforcement of the judgment, by having the judgment set aside, in the following circumstances: 1) the individual is personally served with a summons and complaint; 2) while the caption mistakenly names a business entity rather than the individual as the defendant, adequate notice is provided to alert the individual that the subject of the cause of action may be his own business; 3) the individual operates his business, not as a separate business entity, but as a sole proprietorship; 4) the allegations of the complaint further describe the individual's own business in sufficient detail that he could not reasonably be misled into believing the suit was against any business other than his own; 5) the individual could not reasonably conclude from reading the summons and complaint that he otherwise has a basis for avoiding personal liability for the alleged negligent acts of his own employee; 6) the complaint is amended before judgment is entered to name the individual as the defendant; and 7) while the individual is not given notice of the amendment, the individual already had sufficient notice that he was the subject of the cause of action. Because I disagree with the

majority's answer to that question, I respectfully dissent.

Defendant, J. Klein, was personally served with a summons and complaint asserting a claim for liability against "J. Klein Construction," based on the negligence of an employee. Defendant did nothing to respond to the complaint or otherwise to protect his interests.

Several months later, plaintiff filed a motion to amend the caption of the complaint by designating the name of the defendant as "J. Klein, d/b/a J. Klein Construction." The trial court granted the motion.

On plaintiff's motion, the trial court next entered a default against "J. Klein, d/b/a J. Klein Construction." After a hearing, the trial court entered a default judgment for damages, once again against "J. Klein, d/b/a J. Klein Construction."

Defendant's first appearance in the trial court occurred upon the filing of his answers to C.R.C.P. 69 interrogatories that had been served on him. The title of the interrogatories stated, "Interrogatories to Judgment Debtor Pursuant To C.R.C.P. Rule 69." The defendant was listed as "J. Klein, d/b/a/ J. Klein Construction, Defendant."

Defendant answered the interrogatories. Above a signature block that stated, "J. Klein, d/b/a J. Klein Construction," he signed, "Jay Klein." Defendant did not at that time seek to set aside, or otherwise to contest, any judgment to the extent it had been entered against him individually. It was only several months later, after plaintiff had filed a judgment lien on property owned by defendant, that he filed a motion under C.R.C.P. 60(b)(3) challenging the default judgment.

A complaint must name a party plaintiff and a party defendant in order to establish subject matter jurisdiction. Thus, there must be some ascertainable "persons," natural or artificial, to whom judgments may be awarded and against whom they may be enforced. Furthermore, our rules of civil procedure make no exception to the requirement that defendants must be named if their names are known. *Barker v. District Court*, 199 Colo. 416, 609 P.2d 628 (1980).

Nevertheless, our rules of civil procedure, like the federal rules, establish a liberal system of notice pleading. *Moody v. Ungerer*, 885 P.2d 200 (Colo.1994); *Fluid Technology, Inc. v. CVJ Axles, Inc.*, 964 P.2d 614 (Colo. App.1998); *see also Kluge v. Wilson*, 167 Colo. 526, 448 P.2d 786 (1968). Under that system, the purpose of the requirement for serving process and a copy of the complaint upon a defendant is to give the defendant notice of the commencement of the proceedings in order to enable that party to attend and prepare a defense. *Bush v. Winker*, 907 P.2d 79 (Colo.1995); *see also J & K Construction Co. v. Molton*, 154 Colo. 214, 390 P.2d 68 (1964).

The issue of what constitutes notice of the identity of an adverse party sufficient to require that party take some action in response to a summons and complaint has not been addressed in Colorado, at least not in circumstances such as those presented here. However, the issue was addressed in similar circumstances in *Hughes v. Cox*, 601 So.2d 465 (Ala.1992).

The plaintiffs in *Hughes* filed a fraud action naming as defendants, among others, "Hughes Realty of Clanton, Alabama." Gearlene Hughes, who operated a sole proprietorship and had acted as the selling agent on the transaction described in the complaint, was served with the summons and complaint but was not separately named as a defendant.

When no answer was filed, the plaintiffs filed for and obtained a default judgment against Hughes Realty. Before a hearing on the damages to be awarded, the plaintiffs amended their complaint and substituted as the defendant, "Gearlene Hughes, d/b/a Hughes Realty or Hughes Realty of Clanton." Hughes was not notified of the motion and order and was not served with a copy of the amended complaint. The trial court nevertheless entered a judgment against her individually for substantial damages.

Several months later, Hughes moved to set aside the default judgment against her. She argued that: 1) because the original summons and complaint had named only "Hughes Realty of Clanton" as the defen-

dant, without indicating whether it was a sole proprietorship, a partnership, or a corporation, she had no notice of being included as a defendant in the action; 2) the court therefore lacked personal jurisdiction over her; and 3) the judgment was therefore void and could be set aside at any time. The trial court denied the motion.

In affirming the trial court's ruling on appeal, the Alabama Supreme Court determined that the first question to be resolved was whether the amended complaint in fact merely referred to the same party by a different name or instead introduced a new party to the action. The court concluded there was "no question" as to the identify of Hughes as the defendant because, among other things, she operated the business as a sole proprietorship, she owned all the assets of the business, and she was solely liable for all its debts. Thus, the amendment to the complaint "did not affect the identify of the party sought to be described, but only gave accuracy and certainty to it." *Hughes v. Cox, supra,* 601 So.2d. at 470.

The court next addressed whether the original summons and complaint had given Hughes sufficient notice of the action to have required her to take some action in response. It concluded that, because Hughes had personally accepted the original service, because she was the owner as sole proprietor of the business, and because the complaint described the nature of the claim and the relief requested, the notice was sufficient.

In so concluding, the court in *Hughes* reasoned that it was the duty of a party desiring not to participate in a judicial proceeding to retain counsel timely or otherwise exercise reasonable diligence to avoid an undesirable judgment. In particular, the sole proprietor of a business may not choose simply to ignore personal service of process with a complaint that sufficiently identifies that sole proprietor's business as the defendant. Cf. *Bush v. Winker, supra; Guynn v. State Farm Mutual Auto Insurance Co.,* 725 P.2d 1162 (Colo.App.1986).

In my view, the *Hughes* analysis is persuasive. I recognize that the party in *Hughes* identified in the original complaint as the defendant was the trade name of the sole proprietor. In contrast, defendant in this case denied in his interrogatory responses doing business under any trade name. However, that distinction does not require a different result, at least not in the circumstances presented here.

Even if defendant may not have been doing business in the precise name of the business identified in the caption of the original complaint, the name was sufficient to put defendant on notice that his business, which he operated as a sole proprietorship, was probably the subject of the cause of action. Further, in the body of the original complaint served on defendant, plaintiff alleged that the named defendant was doing business in Larimer county; that the defendant was the "general contractor of the project," which was described by specific location; that the defendant had a duty to keep the property in a safe condition; that as a result of the negligent omission or commission of an employee, acting in the course and scope of employment and under the direct and exclusive control of the defendant, plaintiff fell in an uncovered manhole.

Thus, the complaint described defendant's own business in sufficient detail that defendant could not have been reasonably misled into believing the suit was against a different general contractor. Nor could defendant have reasonably concluded from reading the complaint that, as a sole proprietor, he otherwise had a basis for avoiding personal liability for the acts described. Nor did defendant assert in his motion to set aside the judgment that he in fact had been so misled by the summons and complaint. In these circumstances, defendant received adequate notice that he was the subject of the cause of action.

Because defendant received adequate notice, he was required to exercise reasonable diligence to avoid the entry of an undesirable judgment against him. Because he failed to do so, he was not entitled to have the judgment against him set aside. *See Hughes v. Cox, supra; cf. Janove v. Bacon,* 6 Ill.2d 245, 128 N.E.2d 706, 709 (1955) ("It is of course true that a person who is not served need not appear in an action. But where a summons

is served upon him personally, and the circumstances are such as to indicate that he is the person intended to be sued, then he is subject to the judgment, even though the process and the judgment do not refer to him by his correct name.").

The holding in *Bush v. Winker, supra,* does not require a different result. In that case, the plaintiff sought to enforce a judgment against an individual served with a complaint that named the individual individually and as a general partner of a partnership. However, the partnership, a separate business entity, was not identified as a party anywhere in the summons or complaint. The supreme court concluded that the complaint did not provide adequate notice that the partnership was the subject of the cause of action. As a result, the trial court had not obtained jurisdiction over the partnership, and the judgment against it was void.

In contrast, defendant in this case did not operate his business as a separate business entity, and he received sufficient notice that he was the subject of plaintiff's cause of action. He nevertheless chose to do nothing. In these circumstances, defendant is not entitled to have the judgment against him set aside as void.

I therefore respectfully dissent.