Dorothy Jane DUFFY, Trustee under Irrevocable Trust Agreement dated December 31, 1972, and Kathleen Ann Duffy, Constance May Duffy and James Albert Duffy, Trustees under Amended Irrevocable Trust Agreement dated January 28, 1983, Plaintiffs-Appellees,

v.

GROGAN ENERSERV CORPORATION, f/k/a Duffy Heavy Industries, Inc., a Colorado corporation, Duffy Heavy Moving Company, f/k/a Duffy Storage and Moving Company, a Colorado corporation, Stephen P. Grogan, and Barbara B. Grogan, Defendants-Appellants.

Stephen P. GROGAN, Grogan Enerserv Corporation, f/k/a Duffy Heavy Industries, Inc., and Duffy Heavy Moving Company, f/k/a Duffy Storage and Moving Company, Plaintiffs-Appellants,

v.

J.D. CRANE and Hauling, Inc., a Colorado corporation; James Albert Duffy, individually, Defendants-Appellees.

No. 83CA1176.

Colorado Court of Appeals, Div. I.

Sept. 26, 1985.

McGloin, Davenport and Severson, P.C., Fotios M. Burtzos, Michael M. McGloin, Denver, for plaintiffs-appellees and defendants-appellees.

Martin, Shannon, Drought, Tempel & Goss, Paul G. Goss, Deborah A. Linn, Sandra Younghans, Denver, for defendants-appellants and plaintiffs-appellants.

VAN CISE, Judge.

Stephen P. and Barbara B. Grogan, Grogan Enerserv Corporation, and Duffy Heavy Moving Company (the Grogans) appeal a judgment entered in favor of Dorothy Jane, Kathleen Ann, Constance May, and James Albert Duffy, Trustees, James Albert Duffy, and J.D. Crane and Hauling, Inc. (the Duffys) for the cost of placing four cranes, sold and delivered by the Grogans to the Duffys, in the agreed "good

and safe operating condition." We affirm as to all appellants except Duffy Heavy Moving Company, and vacate the judgment as to it.

This action involves two cases consolidated in the trial court instituted as a result of disagreements incident to a 1976 purchase and sale of heavy equipment and other items. The consolidated case was settled on March 22 and 23, 1983, by the execution of a settlement agreement and a stipulation, and a court order incorporating the provisions of both. In the settlement agreement was a provision that:

"Prior to transfer of any equipment ... the Duffys shall be entitled to inspect the equipment to ascertain that it is in good and safe operating condition. Said inspection shall take place no later than March 25, 1983."

Included in the stipulation were provisions that:

"2. [The Duffys] and their experts have the right to inspect the equipment ... to determine whether said equipment is in a good and safe operating condition as required by the Settlement Agreement.

"3. [The Grogans] shall, within 10 days of said inspection, repair or replace any equipment found not to be in good and safe operating condition and place said equipment in good and safe operating condition.

"4. [The Duffys] and their experts shall have a right to reinspect the equipment which originally was found not to be in good and safe operating condition any reasonable time after the expiration of the 10-day period set forth in paragraph 3 above.

"5. The Court shall retain jurisdiction over these consolidated cases for purposes of enforcing the terms of the Settlement Agreement and this Stipulation and for purposes of entering orders, judgments and other processes with respect to the above functions."

On March 24, the equipment, including the four cranes in dispute here, were inspected by the Duffys' experts. They reported that the cranes were not in a good and safe operating condition. When the Grogans delivered the cranes without having made the demanded repairs, the Duffys filed a motion for a contempt citation, claiming the Grogans had disobeyed the court order. A citation issued. The Duffys also moved for judgment for the amount it would cost to place the cranes in a good and safe operating condition.

An evidentiary hearing was held on both motions on June 16 and 17, 1983. At the conclusion of the hearing, the court dismissed the contempt proceeding, granted the motion for judgment, and entered judgment jointly and severally against all of the Grogans for $102,915, the amount determined to be required to place the cranes in a good and safe operating condition.

I.

The basis of the dispute and the outcome of the proceedings in the trial court turned on the interpretation of the phrase "good and safe operating condition" contained in the settlement agreement and in the stipulation. The trial court's findings on this were:

"There is no question that the cranes operated; the question is were the cranes in a good and safe operating condition when they were delivered by the Grogans [to the Duffys].

"In light of the fact that the cranes ... did not meet the standards of the Occupational Safety and Health Administration, or the safety standards of their manufacturer, and were in serious need of major repairs as testified to by both experts, it is the court's opinion that the four cranes involved were not in a good and safe operating condition when delivered by the Grogans to [the Duffys]."

The Grogans contend that the phrase "good and safe operating condition" is ambiguous and that the court erred in not considering the intent of the parties regarding its meaning. We do not agree.

Extrinsic evidence of intent is relevant only if the phrase in question is ambiguous. *Union Rural Electric Ass'n*

*v. Public Utilities Commission,* 661 P.2d 247 (Colo.1983). Whether it is ambiguous is a question of law for the court. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.,* 633 P.2d 1081 (Colo.1981). A phrase is ambiguous only if it is reasonably and fairly susceptible of more than one meaning. *Harrison Western Corp. v. Gulf Oil Co.,* 662 F.2d 690 (10th Cir.1981). A mere disagreement between the parties as to the meaning of a phrase does not in itself create an ambiguity as a matter of law. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.,* 195 Colo. 253, 577 P.2d 748 (1978).

The other interpretations proposed by the Grogans—that the equipment was used on a daily basis or that the operator could shut the machine down if he considered it unsafe—do not define the term or establish any useable standard for its application. The trial court's interpretation is the only reasonable one applicable to the circumstances of this case, and there is no ambiguity.

## II.

At the commencement of the hearing on June 16, 1983, the attorney for the Grogans informed the court that on June 10 Duffy Heavy Moving Company (DHMC) had filed a voluntary petition seeking relief under chapter 11 of the U.S. bankruptcy code. He then withdrew as attorney for DHMC but continued to represent the other Grogans. He did not ask for dismissal of the action or a stay or suspension of the proceedings. Instead, he told the court that he was "prepared to go forward with the evidence today." Later a copy of the bankruptcy petition and schedules was admitted into evidence.

The Grogans now contend that the judgment against all four of them is null and void in its entirety by reason of the automatic stay provision of the federal bankruptcy code, 11 U.S.C. § 362(a).

Section 362(a) provides in pertinent part: "(a) ... [A] petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, to—

"(1) the commencement or continuation ... of a *judicial ... proceeding against the debtor* that was or could have been commenced before the commencement of the case under this title ... or to recover a claim against the debtor that arose before the commencement of the case under this title...." (emphasis supplied)

Section 362(d) provides that upon request of "a party in interest" the bankruptcy court can grant relief from the stay after notice and a hearing.

When the motions for contempt citation and for judgment were filed in the trial court, the Duffys already had possession of and the titles to the cranes. The controversy concerned their condition.

■ Section 362(a) by its terms stays proceedings only "against the debtor," here DHMC. There is nothing in the statute which purports to stay claims against co-defendants of the debtor. At the time of the hearing before the trial court and the entry of its written order, the other three Grogans had not filed in bankruptcy, so there was no stay as to them. *Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324 (10th Cir.1984). Thus, the judgment against them is valid.

■ The decided cases are in conflict as to whether the stay applies to courts as distinguished from creditors. *Compare Donald F. Duncan, Inc. v. Royal Tops Manufacturing Co.,* 381 F.2d 879 (7th Cir. 1967), which holds that a court is not stayed, with *Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp.,* 682 F.2d 446 (3d Cir.1982), which holds that even the appellate court is stayed from further proceedings against the debtor. However, as a matter of comity, the trial court here should not have proceeded to judgment against the debtor DHMC and, instead, should have suspended the proceedings against it pending action by the bankruptcy court.

## III.

The other contentions of the appellants are without merit.

The judgment is affirmed against all appellants except Duffy Heavy Moving Company. As to that appellant, the judgment is vacated and the cause is remanded for further proceedings upon lifting the automatic stay.

PIERCE and STERNBERG, JJ., concur.