ACE TILE COMPANY, INC., d/b/a Ace
Tile & Terrazzo, Inc.,
Plaintiff-Appellee,

v.

CASSON CONSTRUCTION COMPANY,
INC., Defendant-Appellant,

v.

Victor F. BOOG, Appellant,

and

Sam W. Miller, August E. Waegemann;
and Union Square Development
Company, Defendants-Appellees.

No. 85CA0989.

Colorado Court of Appeals,
Div. I.

Jan. 30, 1986.

Ireland, Stapleton, Pryor & Pascoe, P.C., Constance C. Talmage, Jerel L. Ellington, Mark W. Williams, Denver, for plaintiff-appellee.

Bradley, Campbell and Carney, P.C., Victor F. Boog, Golden, for defendant-appellant and appellant.

Sam W. Miller, August E. Waegemann and Union Square Development Co., pro se.

BERMAN, Judge.

This matter is now before us for consideration of the response of Ace Tile Company, Inc. (Ace) to our Order to Show Cause, dated October 15, 1985, in which we directed the parties to show cause why the appeal should not be stayed because of pending bankruptcy proceedings. We stay those portions of the appeal involving Union Square Development Co. (USDC), Sam W. Miller (Miller), and August Waegemann (Waegemann).

USDC was a general partnership involved in the development of office space. Miller and Waegemann were general partners in USDC.

USDC entered into a contract with Casson Construction Company, Inc. (Casson) for the construction of two office buildings. Thereafter, Casson entered into a subcontract agreement with Ace for the installation of flooring.

In February 1984, Ace sued Casson, USDC, Miller, and Waegemann claiming that it had not been paid for all of the work. The claims against Casson were based on contract and unjust enrichment, and the claims against USDC and the partners were based on unjust enrichment. Ace also sought attorney fees.

Casson answered and denied liability. It also filed a cross-claim against USDC, Miller, and Waegemann asserting that it had not been paid for work performed by Ace in accordance with the construction contract.

USDC, Miller, and Waegemann denied liability and cross-claimed against Casson for indemnity and attorney fees.

Ultimately, the trial court found that USDC had paid Casson for all work performed by Ace, but that Casson still owed Ace $6,660 plus interest. Therefore, the court entered judgment in favor of Ace and against Casson. The court also found that Casson's defense was groundless and frivolous and awarded Ace $4,950 in attorney fees. Casson and its counsel were held jointly and severally liable for the attorney fees. Otherwise, all cross-claims were dismissed.

Casson appealed the judgment in favor of Ace, the award of attorney fees, and the dismissal of its cross-claim against USDC, Miller, and Waegemann. Casson's counsel appealed the attorney fee award.

Subsequently, we learned that involuntary petitions in bankruptcy had been filed against Miller and USDC. Thus, we issued the Order to Show Cause why the appeal should not be stayed pursuant to the automatic stay provided in 11 U.S.C. 362(a)(1).

After the order was issued, we learned that an involuntary petition had been filed concerning Waegemann.

Only Ace responded to the order, contending that Casson's appeal should be stayed only as it concerns the bankrupts. Specifically, it argues that the filing of a petition in bankruptcy creates a stay of appellate proceedings with respect to the debtor only. We agree with Ace's argument.

In *Duffy v. Grogan Enerserv Corp.*, 708 P.2d 809 (Colo.App.1985), we held that, at least as a matter of comity, trial courts should refrain from entering judgment against a defendant who files for protection under the bankruptcy laws. By respecting the automatic stay, a state court helps to insure the orderly and fair administration of the debtor's estate in the bankruptcy proceeding. *See United Northwest Federal Credit Union v. Arens*, 233 Kan. 514, 664 P.2d 811 (1983).

However, we also stated in *Duffy* that the automatic stay "stays proceedings only 'against the debtor.'" Consequently, we held that the trial court properly entered judgment against unprotected co-defendants of the debtor and that claims against these co-defendants were subject to appellate review. *Duffy v. Grogan Enerserv Corp., supra.*

We see no reason to depart from these principles where, as here, the petitions in bankruptcy were filed subsequent to the filing of the appeal. An appeal is the "continuation" of a judicial proceeding and may adversely affect the debtor's estate. *See Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60 (6th Cir.1983). Thus, an appellate proceeding should be stayed with respect to parties protected by the automatic stay. Nevertheless, an appellate court is not stayed from rendering judgment concerning unprotected parties. *Duffy v. Grogan Enerserv Corp., supra.*

Therefore the appeal is ordered stayed insofar as Casson seeks review of the dismissal of its cross-claim against USDC, Miller, and Waegemann. The Order to Show Cause is otherwise discharged and the appeal shall proceed on the remaining issues.

PIERCE and TURSI, JJ., concur.