**In the Matter of E & J UNDERGROUND, INC., Debtor.**

**T.W. PARKINSON and Sherri Parkinson, Plaintiffs,**

v.

**E & J UNDERGROUND, INC., d/b/a E & J Contracting, Defendant.**

**Bankruptcy No. 88–1735–8B1.**
**Adv. No. 88–202.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 23, 1989.

Warren Wilson, III, Palm Harbor, Fla., for plaintiffs.

John Powell, Jr., for debtor/defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Motion to Dismiss the Amended Complaint filed by the Defendant/Debtor in the above-styled adversary proceeding. The Court considered the Motion along with the record and finds the Defendant/Debtor is a Florida corporation having its principal place of business in Pinellas County, Florida. The Debtor filed a Chapter 11 bankruptcy petition on March 29, 1988. On June 9, 1988, a complaint was filed by the Plaintiffs. The complaint alleged the Defendant/Debtor deducted from T.W. Parkinson's (Plaintiff) wages each week a sum of money for the purpose of paying the premium on a comprehensive group health insurance plan policy. The policy provided medical coverage for the

Plaintiff and his family. For the period of 18 weeks, from August 4, 1987 through November 24, 1987, the Defendant/Debtor failed to pay the premiums on the policy. As a result, the group plan policy terminated without notice to the Plaintiffs of the lapse in coverage under the health insurance policy. During this uninsured period the Plaintiff developed a serious medical condition. The Plaintiffs allege they incurred substantial medical expenses which are not reimbursable by any insurance company inasmuch as the expenses relate to the treatment of a "pre-existing" condition. The complaint alleges the conduct of the Defendant is "fraud of a nature that is nondischargeable".

On August 5, 1988, the Defendant/Debtor filed a Motion to Dismiss the complaint alleging, inter alia, the complaint failed to state a cause of action. The Court granted the motion without prejudice to the Plaintiffs to file an amended complaint confining itself to a cause of action under Section 523(a)(2) or (4) or (6) of Title 11 of the U.S. Bankruptcy Code. The amended complaint was filed by the Plaintiffs alleging misconduct pursuant to Section 523(a)(4) of the Code. The Defendant then filed a Motion to Dismiss the Amended Complaint. A hearing was held on the Motion and the issue arose as to whether Section 523 of the Bankruptcy Code governing exceptions to discharge applied to a corporate debtor.

Having reviewed the memorandum of law submitted by both parties, the Court is satisfied the Motion to Dismiss should be granted. A discharge, if available to a debtor in Chapter 11, is governed by Section 1141 of the Bankruptcy Code. It is quite clear the concept of dischargeability is not an element of corporate reorganization. More specifically, Sections 1141(d)(2) and 1141(d)(3) juxtaposed with Section 727(a)(1) limit dischargeability to individual debtors. The Plaintiffs argue their claim is excepted from discharge pursuant to Section 523(a)(4) of the Bankruptcy Code. However, this section is equally inapplicable in the instant case. Section 523(a) specifically states that a discharge under Section 1141 does not discharge an "individual debtor" from the debts enumerated in Section 523. Congress did not intend the term "corporate debtor" to be used interchangeably with the term "individual debtor," as such a construction would "render meaningless employment by Congress of the term 'individual'." *Yamaha Motor Corporation U.S.A. v. Shadco, Inc.* 762 F.2d 668, 670 (8th Cir.1985) citing *In re Kuempel Co*, 14 B.R. 324, 325 (Bankr. S.D.Ohio 1981) and *In re Lucas*, 21 B.R. 585 (Bankr. W.D.Penn.1982). Inasmuch as the Debtor is a corporation, Section 523 does not apply. Therefore, the Debtor is not subject to an exception to discharge pursuant to Section 523 of the Code notwithstanding the Plaintiffs' allegations of the Debtor's misconduct.

Accordingly, it is

ORDERED, ADJUDGED and DECREED the Motion to Dismiss filed by the Defendant be, and the same is, hereby granted.

DONE AND ORDERED.