**In re Ellen B. ADELSTEIN, Debtor.**

**Bankruptcy No. 87–01656–TUC–JMM.**

United States Bankruptcy Court,
D. Arizona.

Feb. 2, 1994.

Kathleen H. Herighty and Clague Van-Slyke, Tucson, AZ, for debtor.

Bernard J. Knight, Dept. of Justice, Tax Div., Washington, DC, for I.R.S.

## ORDER

### (Re: Motion to Enforce Settlement)

JAMES M. MARLAR, Bankruptcy Judge.

The Debtor's Motion to Enforce Settlement with the Internal Revenue Service came on regularly for hearing on January 27, 1994. The Debtor was represented by Kathleen H. Herighty; the United States (Internal Revenue Service) was represented by Bernard J. Knight, of Washington, D.C. Upon consideration of the entire record in this case, the authorities cited by the parties, and good cause appearing, the Court finds and concludes:

### FACTS

1. The Debtor filed a Chapter 11 proceeding on August 11, 1987. On June 24, 1991, it was converted to a Chapter 7 proceeding.

2. The Internal Revenue Service filed a claim for $41,663.34, which represented the amount owed it, by the Debtor, as of the petition date.

3. On or about March 3, 1992, attorneys Herighty and Knight, on behalf of their respective clients, filed a Stipulation for Settlement of the I.R.S. tax claim against the Debtor. The Stipulation provided that "this agreement is in full and final settlement of the Proof of Claim filed by the Internal Revenue Service in the above referenced and numbered action."

4. The Court further finds, pursuant to the representation of Mr. Knight, made in open Court, that the sum of $41,683.84 was paid by the Chapter 7 Trustee, approximately one year after approval of the settlement. The I.R.S. accepted said monies.

5. The Trustee had full and complete control of all assets of the Debtor, some of which were eventually used to pay the I.R.S.

6. The Bankruptcy Court entered its Order approving the parties' Stipulation on March 3, 1992, stating within that Order that "this agreement is in full and final settlement of the Proof of Claim filed by the Internal Revenue Service in the above referenced and numbered action."

7. The Court further notes that there was no specific time period within which the $41,683.84 amount was to have been paid. The Bankruptcy Trustee's counsel, Eileen W. Hollowell, Esq., approved the form of Order, as did attorneys Herighty and Knight. Thus, the Trustee was aware of the settlement, and agreed with it, since the Trustee eventually paid the claim.

8. Mr. Knight informed the Court that although the I.R.S. did not receive payment for approximately one year, it apparently did not notify its counsel of its concerns in the interim, but eventually attempted to seek an assessment for alleged "post-petition penalties and interest" through present collection efforts.

9. The Debtor asks for enforcement of the March 3, 1992 Order and Agreement.

### DISCUSSION

The Internal Revenue Service takes the position that the settlement did not include "post-petition penalties and interest." Such a position is without merit, and if its reasoning was to be accepted by this Court, would negate the purpose for settlements. Parties would not settle cases if the matters at issue were not intended to fully and completely settle the merits of the controversy. The Internal Revenue Service' current position is both legally and practically unsound.

A settlement is merely a compromise. *Black's Law Dictionary*, "Compromise and Settlement" (5th ed. 1979). In its usual form, a settlement does not include complete capitulation or surrender by either party. A settlement typically resolves disputes in such fashion so that neither party is wholly satisfied. The I.R.S. now, however, seeks complete relief in derogation of its agreement, rather than simply acknowledging that it settled a case, and that receipt of $41,683.84 consummated the agreement.

The United States states that its claim was otherwise non-dischargeable. This is true, and would have remained so had the government not been paid, or if the agreement was

breached. However, the claim was paid, thereby eliminating the debt and completing the compromise. Pursuant to the settlement, it was a full and complete resolution, which by the application of common sense and the intent of the agreement, would extend to any accrued or accruing interest on the settled obligation. The government misinterprets *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). This Court agrees with the Supreme Court, that in cases of debts which are *not* settled, post-petition interest and penalties on non-dischargeable taxes may be collectible from the Debtor, despite the discharge of other legal obligations. But that is not the issue in this case. The issue here is whether the settlement of March 3, 1992 *settled fully* the claim of the United States, which, taken in its purest sense, would have included any accrued and accruing interest on the settled claim.

This Court is bound by the decision of the Ninth Circuit Court of Appeals in *In re Spring Park Associates,* 623 F.2d 1377 (9th Cir.1980), wherein the Ninth Circuit, quoting from *Dacanay v. Mendoza,* 573 F.2d 1075, 1078 (9th Cir.1978), stated:

> ... a litigant can no more repudiate a compromise agreement that he could disown any other binding contractual relationship. ... Moreover, it is equally well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential.... The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation. [Citations omitted.]
>
> That rule seems applicable here, especially since a contrary result would tend to encourage delays similar to this one in future bankruptcy proceedings and discourage the use of settlements.

*Spring Park* at 1380.

The Court finds that the settlement between the parties is binding, and having been paid, extinguishes the claim of the I.R.S. fully and entirely, regardless of whether post-petition interest had or had not accrued thereon. Therefore, the Debtor is no longer liable on the obligation sought to be enforced by the I.R.S.

With respect to the I.R.S.'s motion to strike portions of the record, the Court finds that its ruling on the legal issue has disposed of those sub-issues, and there is no need to address those issues. The Court considered only the Stipulation between the parties, and the undisputed fact that the agreed-upon amount had been paid in full.

### RULING

IT IS ORDERED granting the Debtor's Motion to Enforce Settlement. Debtor's counsel shall prepare an appropriate form of Order, and lodge the same with the Court.