In re Robert A. CHAFFEE, Elaine K. Chaffee, Debtors.

Robert A. CHAFFEE, Elaine K. Chaffee, Plaintiffs,

v.

INTERNAL REVENUE SERVICE OF UNITED STATES OF AMERICA, Defendant.

Bankruptcy No. 91–02443.
Adv. No. 94–70150.

United States Bankruptcy Court, N.D. New York.

July 12, 1995.

Allan J. Bentkofsky, Auburn, NY, for debtors.

William Larkin, Assistant U.S. Attorney, Syracuse, NY, for Internal Revenue U.S. Department of Justice.

**MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

STEPHEN D. GERLING, Chief Judge.

This matter comes before the Court on a motion by the Internal Revenue Service ("IRS") seeking summary judgment in the adversary proceeding commenced by Robert A. and Elaine K. Chaffee ("Debtors"). Oral argument was heard at a regular motion term of the Court in Syracuse, New York, on March 7, 1995. The parties were afforded an opportunity to file memoranda of law, and the matter was submitted for decision on March 31, 1995.

### JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b), 157(a), (b)(1), (b)(2)(I) and (O).

### FACTS [1]

Debtors filed a voluntary petition of reorganization ("Petition") pursuant to Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code") on September 6, 1991. Debtor Robert Chaffee is the principal owner and President of Sevco Associates, Inc. ("Sevco"), which filed a Chapter 11 petition on July 2, 1991.

According to the Debtors' Disclosure Statement, filed March 12, 1993, the filing of their Petition was occasioned by the imposition by the IRS of 100% penalties against them for nonpayment of Federal withholding taxes by Sevco. The IRS' proof of claim filed in Debtors' case on October 8, 1991, lists a claim of $229,467.93, including a secured claim of $214,049.47 and a priority claim of $15,418.46.[2]

The Debtors' plan of reorganization ("Plan"), filed on March 12, 1993, listed the IRS' claim as a priority claim and provided

---

1. Pursuant to Rule 913.1 of the Local Rules for the Northern District of New York, the IRS annexed a statement of material facts to its motion for summary judgment to which it contends there is no genuine issue. Debtors do not controvert the facts as set forth by the IRS.

2. Although not set forth in the IRS' statement of material facts, the IRS filed an amended proof of claim in November 1991, and a second amended proof of claim on March 27, 1992. The second amended proof of claim lists a claim of $298,119.02 as of the date of the Petition, including a secured claim of $214,076.47 and a priority claim of $84,042.55.

that no payment would be made to the IRS by the Debtors as Sevco's plan proposed to pay 100% of the trust-fund taxes due to the IRS. On July 2, 1993, the IRS filed its objection to the Debtors' Plan. The IRS asserted that it held both a secured claim and a priority claim and, based on the Debtors' schedules, its secured claim was actually oversecured, which entitled the IRS to be paid post-petition interest pursuant to Code § 506(b). The IRS also argued that pursuant to Code § 1129(a)(9)(C), the Debtors were required to provide for full payment of the IRS' priority claim, with interest, within six years of assessment.

On September 27, 1993, the Court signed Orders confirming the Debtors' Plan, as well as that of Sevco. Incorporated in the Debtors' Plan was a stipulation ("Stipulation") between the Debtors and the IRS which provides:

> In the event of a default by Sevco Associates, Inc. in payment of trust funds taxes due to the IRS or if the case of Sevco Associates, Inc. is converted or dismissed, the individual debtors Robert A. and Elaine K. Chaffee shall remain personally liable for said trust fund taxes. If it is determined that the claim of I.R.S. is over secured, then the debtors shall pay to the I.R.S. interest on the secured claim of I.R.S. from the date of filing of the debtors' petition to the date of confirmation of debtors' plan of reorganization . . .

The parties subsequently determined that the claim of the IRS was not oversecured.

On or about February 1, 1994, the IRS sent the Debtors a letter indicating that interest on the trust fund recovery penalties from the date the petition was filed to the date of confirmation in the amount of $39,-034.10 was now due and payable.[3] A second letter, dated February 3, 1994, informed the Debtors that an error had been made by the IRS, and that the total amount of interest now due was $42,808.54 as the IRS had failed to account for the fact that Sevco's petition

had been filed approximately two months before that of the Debtors. The letter states,

> Interest in the corporate case [Sevco] will not be paid for the period beginning with the petition date and ending with the confirmation of the Plan. Because of this, the pre-petition interest on the individual claim will not be paid by the corporation, is not discharged, and is now payable unless payment is provided for in the Plan or the Order confirming the Plan.

On October 14, 1994, the Debtors commenced an adversary proceeding against the IRS pursuant to Code § 523, requesting a determination of the interest claimed by the IRS[4] and the extent to which the individual Debtors are liable therefor.

## ARGUMENTS

The IRS asserts that as neither party disputes the material facts in this matter summary judgment is appropriate. The IRS contends that its motion should be granted and Debtors' Complaint should be dismissed. The IRS makes the argument that the Stipulation merely addressed whether the IRS would be entitled to be paid interest from the Debtors' estate pursuant to Code § 506(b) in the event that it was determined that the IRS was oversecured. The IRS asserts that the Stipulation provided that in the event that the IRS was not oversecured, it was not entitled to collect Code § 506(b) interest from the Debtors' estate for the "gap period" from the date the Debtors filed their Petition to the date of confirmation of their Plan. The IRS contends that the Stipulation makes no mention of the interest accruing on the taxes from the date Sevco filed its Petition to the date of confirmation of its Plan. IRS argues that in agreeing to the Stipulation, it had not waived its right to collect post-petition interest on the non-dischargeable tax liability owed by the individual Debtors outside of their Plan.

---

**3.** The letter did not specify whether the "petition" referenced by the IRS was that of Sevco or the Debtors.

**4.** The Court interprets Debtors' request as one seeking clarification regarding the period for

which the IRS was demanding that interest be paid by them, rather than a determination of the amount of interest, based on the oral argument and the papers submitted to the Court by the parties.

The Debtors, however, make the argument that the Stipulation was intended to cover any and all interest that the Debtors might owe the IRS based on their personal liability for Sevco's debt to the IRS and that the IRS has waived any right it might otherwise have had to collect interest from the Debtors for the period from September 6, 1991, through September 27, 1993 ("Debtors' Gap Period").

## DISCUSSION

In considering a motion for summary judgment pursuant to Rule 7056(c) of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), the Court's role is to determine whether there is a genuine issue as to any material fact that would preclude a movant from obtaining a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986); *Hudson Hotels Corp. v. Choice Hotels Intern.*, 995 F.2d 1173, 1175 (2d Cir.1993). In the matter *sub judice*, both parties have agreed that there is no dispute regarding the material facts. The only issue is whether the IRS is entitled to collect interest from the date Sevco filed its petition to the date of confirmation of Sevco's plan, namely July 2, 1991 through September 27, 1993 ("Sevco's Gap Period"), in light of the Stipulation incorporated in the Debtors' Plan.

Code § 1129(b)(2)(A)(i)(II) sets forth the treatment to be accorded a class of secured claims in order for a plan to be found to be "fair and equitable." A holder of a secured claim is to receive "deferred cash payments totaling at least the *allowed* amount of such claim ..." (emphasis added). Normally, interest on tax claims does not accrue as against the estate from the date of the filing of the petition to the date of confirmation of the Chapter 11 plan. *Bruning v. U.S.*, 376 U.S. 358, 363, 84 S.Ct. 906, 909, 11 L.Ed.2d 772 (1964), citing *New York v. Saper*, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949); *see also In re Jaylaw Drug, Inc.*, 621 F.2d 524, 526 (2d Cir.1980). In the case of an oversecured creditor, however, its *allowed* secured claim is to include post-petition interest pursuant to Code § 506(b). It makes no difference that the creditor is secured by

virtue of a non-consensual lien. *See U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

In the matter *sub judice*, the IRS filed a proof of claim for both a secured and a priority claim. The IRS filed an objection to the Debtors' Plan on the basis *inter alia* that the Plan did not provide for the payment of post-petition interest to which the IRS contended it was entitled based on the Debtors' schedules which indicated that the IRS was oversecured. To settle the matter, the parties entered into the Stipulation which was incorporated into the Plan. According to the terms of the Stipulation, once it was determined that the IRS was not oversecured, the IRS' was not entitled to receive post-petition interest, from the Debtors, on its allowed secured claim.

Debtors contend that by virtue of the Stipulation, the IRS waived any right it might have to collect any nondischargeable interest arising from Sevco's failure to pay withholding taxes which accrued during the Debtors' Gap Period. In support of their argument, the Debtors have asked the Court to consider *In re Adelstein*, 167 B.R. 589 (Bankr.D.Ariz. 1994). In *Adelstein* the debtor and the IRS filed a stipulation for settlement of the claim filed by the IRS. The court's order stated that the agreement was in "full and final settlement of the Proof of Claim filed by the IRS" in the amount of $41,683.84. The full amount of the claim of the IRS was paid by the Chapter 7 trustee approximately one year after approval of the settlement. The IRS then sought to collect post-petition penalties and interest on the claim. The court concluded that the debtor was no longer liable on the obligation, since payment, which was to have fully settled any claim of the IRS, had been made in accordance with the terms of the stipulation.

The Stipulation presently before this Court does not indicate that it was intended to be in full and final settlement of the Debtors' liability for any and all interest that the Debtors might owe based on their personal liability for Sevco's debt to the IRS. The Internal Revenue Code (26 U.S.C. §§ 1–9602) ("IRC") requires a corporation/employer to withhold social security and federal

income taxes from the wages of its employees. *See* IRC §§ 3102(a) and § 3402(a); *see also Bradley v. U.S.*, 936 F.2d 707, 708 (2d Cir.1991). These monies are to be held by the corporation/employer in a special fund in trust for the United States. IRC § 7501(a). The corporation is liable for the withholding taxes on the due date of the tax return without the necessity of assessment or of notice and demand. *First Nat'l Bank in Palm Beach v. U.S.*, 591 F.2d 1143, 1148 (5th Cir.1979). However, there is no liability for interest and penalties for late payment of withholding taxes until there has been notice and demand made on the corporation.[5] *Id.* In the event that the corporation fails to pay the withholding taxes, the Government is authorized to collect 100% of the delinquent taxes from those persons who are responsible for the failure. IRC § 6672(a); *see Bradley, supra*, 936 F.2d at 708; *see also U.S. v. Huckabee Auto Co.*, 783 F.2d 1546, 1548 (11th Cir.1986) (citation omitted). There is no requirement that there be notice and demand with respect to penalties assessed under IRC § 6672. *See U.S. v. McCombs–Ellison*, 826 F.Supp. 1479, 1501, n. 29 (W.D.N.Y.1993). Furthermore, the liability imposed by IRC § 6672 is separate and distinct from that imposed on the corporation pursuant to IRC §§ 3102 and 3402. *Id.; see also Bradley, supra*, 936 F.2d at 710. The IRS is allowed to collect the delinquent taxes only once, whether it be from the corporation or the responsible individuals. *Id.* at 711; *see also Huckabee, supra*, 783 F.2d at 1548.

Although the IRS was not required to collect first from Sevco before seeking payment from the Debtors pursuant to 11 U.S.C. § 6672 (*see id.* at 1549), by the terms of the Stipulation, the IRS agreed to accept payment from Sevco under its plan of reorganization before pursuing the Debtors. At the same time, the Stipulation specified that if it was determined that the IRS' claim, against the Debtors, was oversecured, then it would be entitled to collect interest for the Debtors'

Gap Period on its allowed secured claim through the Debtors' Plan. There is nothing in the language of the Stipulation to indicate that the IRS was waiving any right it might have to pursue the Debtors for the nondischargeable interest outside the Plan in the event that it was not oversecured.

Mere "disallowance of post-petition interest has no effect on the dischargeability of a claim for, and an individual's future liability for, such interest." *In re Shelbayah*, 165 B.R. 332, 335 (Bankr.N.D.Ga. 1994) (citations omitted); *see also In re Olsen*, 123 B.R. 312, 314 (Bankr.N.D.Ill.1991) (actual allowance of a tax claim as a priority debt and the nondischargeability of a tax claim are not related). The fact that it was determined that the IRS' claim was not oversecured and that the IRS was not entitled to an allowed claim which included Code § 506(b) post-petition interest for the Debtors' Gap Period does not change the fact that the interest remained nondischargeable. Indeed, the amount of the IRS' allowed claim against the Debtors' Chapter 11 *estate* is a distinct matter from the size of its nondischargeable claim against the individual Debtors. *In re Turgeon*, 158 B.R. 328, 331 (Bankr.W.D.N.Y.1993). Code § 523(a) and Code § 1141(d)(2) expressly state that taxes of a kind specified in § 507(a)(7) [6], including taxes required to be collected or withheld and for which the debtor is liable in whatever capacity, are nondischargeable only with respect to the *individual* debtor, not with respect to the corporate debtor. *See Matter of E & J Underground, Inc.*, 98 B.R. 580, 581 (Bankr.M.D.Fla.1989).

"It is well established that a natural person who is a Debtor in Chapter 11 is personally liable for post-petition interest upon non-dischargeable taxes." *Turgeon, supra*, 158 B.R. at 330 (citations omitted); *see also In re Hubbard*, 161 B.R. 173, 176 (Bankr.N.D.Tex.1993), citing *In re Cline*, 100

---

**5.** Debtors have not presented any argument which would lead the Court to conclude that the IRS failed to provide the proper notice and demand on Sevco pre-petition.

**6.** In the Bankruptcy Reform Act of 1994, made applicable to cases filed after October 21, 1994,

Code § 507(a)(7) has been renumbered as § 507(a)(8) without change in the language of the section. As the Debtors' case was filed in 1991, the Court will refer to "§ 507(a)(7)" in its discussion.

B.R. 660 (Bankr.W.D.N.Y.1989). The fact that the IRS never filed a proof of claim for the interest does not alter this conclusion. *See* Code § 523(a)(1)(A); *see generally id.* In the matter presently before the Court, the individual Debtors remained liable for the taxes, as well as for post-petition interest, despite the fact that the corporate debtor, Sevco, was discharged from any liability for taxes and interest upon confirmation of its plan. The IRS was still entitled to enforce its rights as they would exist outside of bankruptcy against the individual Debtors upon confirmation of their Plan. *See In re DePaolo,* 45 F.3d 373, 375 (10th Cir.1995), citing *In re Amigoni,* 109 B.R. 341, 345 (Bankr. N.D.Ill.1989); *see also In re Gurwitch,* 794 F.2d 584, 585 (11th Cir.1986) (Code § 1141(d)(2) provides that a plan of reorganization does not fix tax liability made nondischargeable under Code § 523.)

Whether Debtors' liability for interest accruing during Sevco's Gap Period remains post-confirmation was addressed by the Court of Appeals for the Second Circuit in *Bradley v. U.S., supra.* In *Bradley* two "responsible persons" entered into a stipulation with the IRS whereby if the corporate debtor paid the entire trust fund liability plus interest, the IRS agreed to abate the unpaid part of the assessments made against the two individuals. The balance of the trust fund taxes and interest were paid by the corporate debtor, and the IRS then sought payment from the two individuals for the interest which accrued during the corporate bankruptcy. The Court of Appeals affirmed the decision of the District Court for the District of Connecticut which had entered a judgment against the two individuals for the interest which had not been paid by the corporation during the "gap period" prior to confirmation of its plan. *Bradley, supra,* 936 F.2d at 711.

While the responsible individuals in *Bradley* had not sought the protection of the Bankruptcy Code as is the case with the Debtors herein, the Court concludes that as the Debtors' liability for interest, including that accruing during Sevco's Gap Period, remains nondischargeable, the IRS is entitled to seek payment from the Debtors outside bankruptcy for that interest. As the Su-

preme Court in *Bruning* noted, "Congress clearly intended that personal liability for unpaid tax debts survive bankruptcy ... [There is] no reason to believe that Congress had a different intention with regard to personal liability for the interest on such debts." *Bruning, supra,* 376 U.S. at 361, 84 S.Ct. at 908. Relying on *Bruning,* the Court of Appeals for the Second Circuit noted, "If we were to hold that it [IRS] likewise cannot recover from the arranged debtor, the effect would be to eviscerate *pro tanto* the nondischargeability of tax debts in Chapter 11 proceedings ... contrary to the spirit if not the letter of *Bruning.*" *Jaylaw, supra,* 621 F.2d at 528.

Based on the foregoing, it is hereby

ORDERED that the IRS' motion for summary judgment is granted insofar as it has been determined that any interest accruing on the penalty imposed on the individual Debtors by the IRS pursuant to IRC § 6672, including post-petition interest which accrued during Sevco's Gap Period, is deemed to be nondischargeable.