**Charlotte M. McGUIRE,**
**Plaintiff–Appellant,**

v.

**CHAMPION FENCE & CONSTRUC-**
**TION, INC., Defendant–Appellee.**

No. 03CA1583.

Colorado Court of Appeals,
Div. I.

Nov. 4, 2004.

Sumner Law Office, P.C., Jerry Sumner, Fort Collins, Colorado, for Plaintiff–Appellant.

Burg Simpson Eldredge Hersh & Jardine, P.C., Diane Vaksdal Smith, Englewood, Colorado, for Defendant–Appellee.

PICCONE, J.

In this appeal concerning the automatic stay during bankruptcy proceedings, plaintiff, Charlotte M. McGuire, appeals the trial court's order denying her motion to amend the judgment dismissing her personal injury action against defendant, Champion Fence & Construction, Inc. We reverse and remand with directions.

Plaintiff was injured when a fence gate came off its tracks and pinned her to the ground. She brought suit against defendant and a third party.

Plaintiff reached a settlement with the third party and they prepared a stipulation of dismissal and a proposed order. Although the stipulation of dismissal indicated that it only involved plaintiff and the third party, the proposed order provided: "This action is dismissed with prejudice, each party to pay its own fees and costs."

The stipulation and proposed order were filed with the trial court on August 23, 2002. On the same day, defendant notified plaintiff and the court that it had filed a bankruptcy petition on April 4, 2002. The trial court signed the order of dismissal on August 27, 2002.

Defendant's bankruptcy action was closed on December 30, 2002. On March 13, 2003, plaintiff filed a motion to amend the August 27, 2002, order to reinstate defendant as a party in the action, alleging that the stipulation of dismissal of claims against defendant was a mistake.

The trial court denied plaintiff's motion, finding that it was untimely because plaintiff had waited more than six months to file it. The court also noted that although it had "wide latitude" to extend the fifteen-day deadline in C.R.C.P. 59(a) to file a motion to amend a judgment, it would not exercise that discretion because (1) plaintiff stipulated to the dismissal; and (2) plaintiff's motion was filed more than six months after the stipulated dismissal, which was far beyond the fifteen-day deadline in C.R.C.P. 59(a).

Plaintiff filed a motion arguing that under C.R.C.P. 60, the trial court may set aside a judgment based on mistake, inadvertence, surprise, excusable neglect, fraud, and any other reason the court deems just. Plaintiff also argued that any judgment entered as to defendant was void because it violated 11 U.S.C. § 362, the automatic stay provision of the Bankruptcy Code.

The trial court denied plaintiff's motion as untimely and unduly prejudicial to defendant.

## I.

■ Initially, we address defendant's contentions (1) that the appeal must be dismissed as moot because plaintiff's claims against it were discharged in bankruptcy and because it no longer exists as a corporate entity and (2) that the appeal is untimely. We are not persuaded.

Nothing in the record indicates that the bankruptcy court discharged plaintiff's claims. Further, liquidating corporations are generally not entitled to a discharge. *See* 11 U.S.C. §§ 727(a)(1), 1141(d)(3); *In re E & J Underground, Inc.*, 98 B.R. 580, 581 (Bankr.M.D.Fla.1989)("concept of dischargeability is not an element of corporate reorganization"). Thus, the mere closure of the bankruptcy estate does not demonstrate that plaintiff's claims were discharged or are otherwise moot. The record does not support defendant's assertion that it has been dissolved and is no longer a viable entity.

We conclude in the following section that the motion was properly brought under C.R.C.P. 60(b)(3). Because the notice of appeal was filed within forty-five days of the trial court's order denying relief to plaintiff, we also conclude that the appeal is timely.

## II.

■ Plaintiff contends the trial court erred in denying her motion to set aside that part of the August 27, 2002, judgment dismissing the claims against defendant from this action because the judgment was entered in violation of the automatic stay provision of the Bankruptcy Code. We agree.

■ C.R.C.P. 60(b)(3) provides for relief from a final judgment if the judgment is void. *See Mason–Jares, Ltd. v. Peterson*, 939 P.2d 522 (Colo.App.1997). A void judgment may be challenged at any time pursuant to C.R.C.P. 60(b)(3) and must be vacated upon request. *Rainsberger v. Klein*, 5 P.3d 351 (Colo.App.1999).

■ Review of a proceeding under C.R.C.P. 60(b)(3) to set aside a judgment as void is de novo. *First Nat'l Bank v. Fleisher*, 2 P.3d 706 (Colo.2000); *Werth v. Heritage Int'l Holdings, PTO*, 70 P.3d 627, 629 (Colo. App.2003)(the standard of review under C.R.C.P. 60(b)(3) differs from that for other proceedings under that rule).

■ A bankruptcy petition operates to stay the commencement or continuation of all contemporaneous claims and proceedings against the debtor. 11 U.S.C. § 362(a)(1); *Fukutomi v. Siegel*, 785 P.2d 147 (Colo.App. 1989); *Duffy v. Grogan Enerserv Corp.*, 708 P.2d 809, 811 (Colo.App.1985)(§ 362(a) by its terms stays proceedings against the debtor). The stay is effective automatically and immediately upon the filing of a bankruptcy petition. 3 *Collier on Bankruptcy* § 362.02 (14th ed.1988). The automatic stay stops all collection efforts, all harassment, and all foreclosure actions and permits a debtor to attempt a repayment or reorganization plan. It provides creditors with protection by preventing those who acted first from receiving payment in preference to and to the detriment of other creditors. *See Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457 (9th Cir.1992).

■ Proceedings that violate the automatic stay are void and of no effect. *Kalb v. Feuerstein*, 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940)("the action of the ... [c]ourt was not merely erroneous but was beyond its power, void, and subject to collateral attack"); *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir.1990)(any action taken in violation of automatic stay is void and without effect); *In re Marriage of Berkland*, 762 P.2d 779 (Colo.App.1988)(notice of attorney's lien filed in violation of automatic stay was void).

■ Some courts have held that the operation of the stay does not depend on the outcome of the proceedings, and acts that favor the debtor are void if they violate the automatic stay. *In re Best Payphones, Inc.*, 279 B.R. 92 (Bankr.S.D.N.Y.2002)(citing *Ellis, supra*). "Whether a specific judicial proceeding falls within the scope of the automatic stay must be determined by looking at the proceeding 'at its inception.'" *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d

1194, 1204 (3d Cir.1991)(quoting *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 449 (3d Cir.1982)); *see also Ellis, supra* (same). "[T]he dispositive question is whether a proceeding was '*originally brought* against the debtor.'" *Maritime Elec., supra*, 959 F.2d at 1204 (quoting *St. Croix, supra*, 682 F.2d at 449).

In *Ellis, supra*, the Tenth Circuit Court of Appeals held that summary judgment entered in favor of the debtor after the filing of the bankruptcy petition was void as violating the automatic stay. The court noted that "[w]hile automatic stay on judicial proceedings generally operates to ensure that a 'debtor [is given] a breathing spell from his creditors,' the fact that judgment here was entered *in favor* of the debtor does not change the outcome." *Ellis, supra*, 894 F.2d at 373. "Whether a case is subject to the automatic stay must be determined at [the stay's] inception." *Ellis, supra*, 894 F.2d at 373 (quoting *St. Croix, supra*, 682 F.2d at 449); *see, e.g. Maritime Elec., supra*, 959 F.2d at 1206 ("[t]he automatic stay's effect on judicial proceedings against the debtor does not depend upon whether the court finds *for* or *against* the debtor"); *In re Best Payphones, Inc., supra*, 279 B.R. at 98.

However, other courts have held that the dismissal of claims against the debtor is not prohibited by the automatic stay because dismissal is consistent with the purpose of the automatic stay. *See, e.g., Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc., supra*, 966 F.2d at 458–59 (automatic stay did not preclude union's motion to dismiss appeal of judgment in favor of debtor as moot); *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir.1988)(court held that the bankruptcy court does not have the power to preclude another court from dismissing a case on its docket or to affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay; however, court reversed sanction dismissing case with prejudice as excessive); *Brunetti v. Reed*, 70 Wash.App. 180, 852 P.2d 1099 (1993)(dismissal of a case for failure to prosecute did not violate the automatic stay because it was not intended to protect a creditor in such a situation).

We discern no clear majority rule, and no Colorado appellate opinion directly addresses the issue presented here. We are persuaded by the reasoning in *Ellis, supra*. Thus, we conclude, as did the court in *Ellis*, that the operation of the stay does not depend on the outcome of the proceedings and acts that favor the debtor are still void if they violate the automatic stay. The holding in *Ellis* is consistent with the Colorado appellate decisions that have applied the automatic stay provision to preclude further action on a case.

A division of this court, in *Curragh Queensland Mining, Ltd. v. Dresser Industries, Inc.*, 55 P.3d 235 (Colo.App.2002), applied the automatic stay to prevent the debtors' appeal from going forward. There, summary judgment was granted against sellers of a product. After the sellers filed their appeal but before oral arguments, the sellers filed a petition in bankruptcy. A division of this court applied 11 U.S.C. § 362 to stay all portions of the appeal affecting the debtors' interests. In so holding, the division noted the minority position that appellate proceedings initiated by the debtor are not automatically stayed. *See Curragh Queensland Mining Ltd., supra; see also Duffy v. Grogan Enerserv Corp., supra*, 708 P.2d at 811 (judgment against a debtor was void because the trial court failed to suspend the proceedings pending action by the bankruptcy court).

The decision in *Curragh Queensland Mining, Ltd., supra*, supports our conclusion that the automatic stay operates to stay the entire action, and even though proceeding with the action may be detrimental to the debtor's interests, once the bankruptcy petition is filed, proceedings that violate the automatic stay are void and of no effect. Consequently, the parties' stipulation to dismiss and the timeliness of plaintiff's motion to dismiss are of no effect.

Therefore, because we conclude that dismissal of the case against defendant was a violation of the automatic stay, we also conclude that the trial court should have granted plaintiff's C.R.C.P. 60(b)(3) motion to set aside the judgment as void. *See Rainsberger v. Klein, supra*.

The order is reversed, and the case is remanded to the trial court with directions to vacate that part of the judgment dismissing the claims against defendant and to reinstate those claims in the litigation.

Judge MARQUEZ and Judge KAPELKE concur.